■ In the Matter of SHAWN GREEN, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Respondent. [726 NYS2d 170] —Proceeding pursuant to CPLR article 78 (trans-

ferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges the determination finding him guilty of violating the prison disciplinary rules that prohibit creating a disturbance and refusing to obey a direct order. The misbehavior report charged that petitioner had refused to obey repeated orders issued to him by correction officers and the facility's watch commander to leave his recreation pen, enter his cell and lock the recreation pen door. Petitioner persisted in his refusal and then locked himself in the recreation pen. After over an hour of fruitless negotiations, five correction officers subdued and manacled petitioner so that he could be brought into his cell. We reject petitioner's contention that the determination of his guilt was not supported by substantial evidence. The evidence presented at the disciplinary hearing included a detailed misbehavior report, authored by a correction officer who had witnessed the charged misconduct, together with videotape of the incident that was recorded by both wall-mounted surveillance cameras and by a handheld video camera. Although petitioner's face cannot be seen on the videotape from the surveillance cameras, it is apparent from the audio portion of the tape that he is the focus of several correction officers who can be heard calling him by name. The videotape recorded by the handheld camera shows petitioner being subdued and brought into his cell and it includes close-up views of petitioner's face which supply ample evidence of his identity as the inmate who precipitated the incident in question. We conclude that the determination of petitioner's guilt was supported by substantial evidence (see, Matter of Watson v Morse, 260 AD2d 772; Matter of Chappelle v Coombe, 234 AD2d 779, 780). His remaining contentions, including his allegations of Hearing Officer bias, have been reviewed and found to be without merit (see, Matter of Thomas v Selsky, 256 AD2d 712).

Mercure, J. P., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.