■ In the Matter of PAUL MITCHELL, Petitioner, v C. DROWN, as Hearing Officer at Upstate Correctional Facility, et al., Respondents. [734 NYS2d 908] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme

Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As relevant to this appeal, petitioner was the subject of two misbehavior reports. The first concerned a charge that petitioner had violated the prison disciplinary rule prohibiting the unauthorized possession of narcotics after a search of his shared cell divulged the presence of a white, powdery substance secreted under the foil lining of a cigarette packet. The correction officer who conducted the search and authored the misbehavior report testified at petitioner's disciplinary hearing, describing his discovery of the powder. A second correction officer testified that he was present when the powder was found on petitioner's side of the cell and further testified that he subsequently performed laboratory tests on the powder which identified it as heroin. Petitioner's cellmate also gave testimony, denying that the cigarette pack belonged to him and adding that he does not smoke, although petitioner does. Petitioner was ultimately found guilty of the charge of unauthorized possession of a narcotic substance. We find that this determination was based on substantial evidence in the form of the misbehavior report and the testimony given by the correction officers. Exculpatory testimony given by petitioner and his inmate witnesses presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Rodriguez v Coombe*, 249 AD2d 655; *Matter of Wood v Selsky*, 240 AD2d 876, 877).

The second misbehavior report charged petitioner with refusing to obey a direct order and refusing to provide a urine sample. Evidence presented at the disciplinary hearing included the misbehavior report and the testimony of the reporting officer who had ordered petitioner to provide a sample. In addition, a videotape was presented which showed the correction officer requesting a urine sample from petitioner and warning him of the consequences if he failed to provide one, followed by petitioner's emphatic refusal. We find that the foregoing proof constitutes the requisite substantial evidence of petitioner's guilt of the charged misconduct (*see, Matter of Cornwall v Goord*, 284 AD2d 763; *Matter of Green v Selsky*, 284 AD2d 617, *lv denied* 96 NY2d 721). The remaining issues raised herein, including petitioner's assertions of procedural violations, have been reviewed and found to be without merit.

Mercure, J. P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.