■ In the Matter of JAMEL BROWN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[779 NYS2d 651]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After receiving two misbehavior reports for violating prison

disciplinary rules against smuggling, refusing a direct order and violating visiting room procedures, petitioner was found guilty of all charges. According to the first report, a correction officer watching a videotape of the visiting room observed petitioner place his hand down his pants towards his groin and then push something across the table to his visitor. The second report alleges that petitioner was then ordered to come to the door of the visiting room. Petitioner stayed in his seat, despite several more orders, and appeared to swallow something before complying. The record does not show that any contraband was recovered.

The misbehavior reports, as well as the videotape of the incident, provide substantial evidence of petitioner's guilt (*see Matter of Morales v Goord*, 290 AD2d 790, 791 [2002]; *Matter of Green v Selsky*, 284 AD2d 617, 618 [2001], *lv denied* 96 NY2d 721 [2001]). Petitioner's explanation that he was "adjust[ing]" himself, and did not hear the correction officer's order at first, presented a credibility issue to be resolved by the Hearing Officer (*see Matter of Price v Goord*, 301 AD2d 986, 987 [2003]; *Matter of Morales v Goord, supra* at 791). As for petitioner's argument that certain evidence was improperly excluded at the hearing, we note that the evidence at issue was unavailable (*see Matter of Ruiz v Goord*, 289 AD2d 810, 810-811 [2001]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.