In the Matter of PATRICK BARCLAY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [803 NYS2d 804]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with twice refusing a direct order and violating a movement regulation based upon his refusal to comply with attempts by correction officers to move him to another cell. Following a tier III disciplinary hearing, petitioner was found guilty of all three charges. In a separate tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and interfering with an employee stemming from his disruptive behavior following a sick call. Upon administrative review, the determinations were affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul both determinations.

Contrary to petitioner's contentions, the record contains substantial evidence to support the determinations of guilt. The tier III hearing determinations were supported by the misbehavior reports, a surveillance videotape and the testimony of a correction officer who was present during the incident (*see Matter of Goncalves v Berbary*, 14 AD3d 743, 744 [2005]; *Matter of Brown v Goord*, 9 AD3d 646, 647 [2004], *lv denied* 3 NY3d 612 [2004]; *Matter of Ramos v Goord*, 309 AD2d 1096, 1097 [2003]). Likewise, the tier II determinations were amply supported by the misbehavior report, which was corroborated by a surveillance videotape (*see id.*). Any contradictions or innocent explanations raised by the testimony of petitioner or his cellmate created credibility issues for the Hearing Officers to resolve (*see Matter of Vasquez v Goord*, 14 AD3d 903 [2005]; *Matter of Goncalves v Berbary, supra* at 744; *Matter of Brown v Goord, supra* at 647).

We are unpersuaded by petitioner's argument that the tier III hearing was not timely completed in accordance with 7 NYCRR 251-5.1 (b). The Hearing Officer obtained a valid extension on the 14th day following the completion of the misbehavior reports for the purpose of securing the testimony of a witness requested by petitioner (*see Matter of Vasquez v Goord, supra* at 904; *Matter of Porter v Goord,* 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]; *Matter of Lashway v Brown,* 278 AD2d 639, 639 [2000]). Likewise, petitioner's contentions regarding hearing officer bias are without merit as there is nothing in the record indicating that either of the Hearing Officers was biased or that the determinations of guilt were based upon anything other than the evidence presented (*see Matter of Brown v Selsky,* 5 AD3d 905, 907 [2004]; *Matter of Ramos v Goord, supra* at 1097). Petitioner's remaining contentions have been considered and are also without merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.