■ In the Matter of INJAH TAFARI, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [844 NYS2d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain disciplinary rules.

During a search of petitioner's cell, a number of items were recovered, including a torn state-issued sheet. When petitioner was returned to his cell following the search, he threatened a correction officer with physical violence. As a result, petitioner was charged in a misbehavior report with possessing excess property, possessing property in an unauthorized area, damaging state property and making threats. Following a tier III disciplinary hearing, he was found guilty of the latter two charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Fontaine v Superintendent of Southport Correctional Facility*, 35 AD3d 1113, 1114 [2006], *appeal dismissed* 8 NY3d 943 [2007]; *Matter of Johnson v Goord*, 28 AD3d 882, 882 [2006]). Petitioner's contrary testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Accardi v Goord*, 34 AD3d 945, 946 [2006]). Additionally, we find no error in the Hearing Officer's failure to make further inquiry regarding petitioner's mental capacity inasmuch as it was not placed in issue pursuant to the governing regulations (*see* 7 NYCRR 254.6 [b] [1]) and petitioner did not exhibit any signs of mental impairment at the disciplinary hearing. Petitioner's remaining contentions have been examined and are without merit. We, therefore, decline to disturb the determination of guilt.

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.