■ In the Matter of Hasan Raqiyb, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [854 NYS2d 677]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Wende Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

A correction officer observed petitioner and another inmate squaring off in fighting stances. As a result, the officer ordered petitioner and the other inmate to lock in their respective cells. Refusing to do so, petitioner and the other inmate were eventually separated from each other before a physical altercation occurred. Based upon the foregoing, petitioner was charged in a misbehavior report with disobeying a direct order and creating a disturbance. A tier II disciplinary hearing was thereafter conducted, at the conclusion of which petitioner was found guilty of disobeying a direct order and not guilty of creating a disturbance. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding by petitioner ensued.

We confirm. Initially, contrary to petitioner's assertion, this

matter was correctly transferred to this Court given that the petition raised a substantial evidence question (*see Matter of Young v Selsky*, 32 AD3d 598, 598 [2006]). Turning to the merits, the misbehavior report, together with testimony adduced at the hearing, provide the requisite substantial evidence supporting the determination of guilt (*see Matter of Tafari v Selsky*, 45 AD3d 1139, 1139 [2007]). Regarding petitioner's claim that he did not hear the order to lock in his cell, a credibility issue was created for resolution by the Hearing Officer (*see Matter of Brown v Goord*, 9 AD3d 646, 647 [2004], *lv denied* 3 NY3d 612 [2004]). Petitioner's remaining procedural contentions have been examined and, to the extent preserved, are unavailing.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.