◼ In the Matter of ANDRE BOYD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [857 NYS2d 290]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with disobeying a direct order, interfering with an employee and violating urinalysis testing procedures. At the conclusion of the ensuing tier III disciplinary hearing, petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding seeking annulment.

The misbehavior report, together with testimony—including that of petitioner—adduced at the hearing, provide substantial evidence to support those portions of the determination finding petitioner guilty of disobeying a direct order and interfering with an employee (see Matter of Tafari v Selsky, 45 AD3d 1139, 1139 [2007]). However, as respondent concedes, and we also find, the charge of violating urinalysis testing procedures is not supported by the requisite substantial evidence and, thus, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record (see Matter of Williams v Goord, 28 AD3d 897, 898 [2006]; Matter of Gittens v Goord, 249 AD2d 622, 622 [1998]). Remittal for a redetermination of the penalty is not necessary, however, inasmuch as no loss of good time was imposed and petitioner has already served the penalty (see Matter of Green v Smith, 40 AD3d 1287, 1287 [2007]). We have examined petitioner's remaining contentions and find them to be unavailing.

Peters, J.P., Spain, Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating urinalysis testing procedures; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.