Marcus G. Christ, J.
This is an article 78 proceeding brought to review a determination of the Board of Appeals of the Incorporated Village of Garden City. The determination to be reviewed is a decision which denied the petitioner’s application under sections 502, 818 and 819 of the Zoning Ordinance for permission to use premises owned by the petitioner as a Jewish temple, synagogue or church for religious purposes of the Jewish faith with off-street parking facilities to be used in connection therewith.
While this proceeding was pending sub judice, two cases were awaiting decision by the Court of Appeals in which questions similar to these here were involved. Those cases were Matter of Community Synagogue v. Bates (1 N Y 2d 445) and Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508), both of which cases were decided on July 11, *1011 1956. A decision in this proceeding has been held in abeyance pending decisions in those cases and an opportunity to examine them. These decisions of our highest court are clear, broad and controlling.
The court has read the record before the board of appeals and inspected the premises pursuant to a stipulation consenting to such inspection filed in behalf of the parties. The petitioner’s property is situated at the northwesterly corner of Nassau Boulevard and Newmarket Road in the center of a residential area which is almost completely built up. The property consists of an “L” shaped parcel with an area of 1.38 acres. It has a frontage along the westerly side of Nassau Boulevard of 340 feet. In depth it extends westerly from Nassau Boulevard 150 feet except for the southerly 94.37 feet of the parcel. This portion, having frontage along the northerly side of Newmarket Road, extends an additional 100 feet to the easterly side of Euston Road, a street which is one block west of and parallel to Nassau Boulevard. Petitioner’s property is improved with a large two and one-half story single family residence and accessory garage built before the incorporation of the village in 1919. The garage was altered and enlarged in 1923 and the residence building was altered and enlarged in 1929. The premises are located in an R-12 district, the most highly restricted single-family residence district in the village.
The enumeration of permissible uses in R-12 districts, as set forth in the “ Schedule of Regulations ” forming part of article V of the Zoning Ordinance includes the following:
“ 3. Churches as defined and limited in Section 502.” In pertinent part, section 502 of the Zoning Ordinance is as follows: “ Sec. 502. 1. Churches and Libraries as used in this section are defined as follows:
“ a. Church: A structure used for public worship and other strictly religious uses in accordance with the discipline, rules and usages of a religious corporation which owns, supports and maintains the same and of the ecclesiastical governing body, if any, to which such corporation is subject.
* * *
“ 2. Notwithstanding any other provision of this ordinance no permit for the construction, enlargement or alteration of a church or library shall be issued unless the Board of Appeals shall have first approved the same in respect to the following: “ a. Provision of adequate off-street parking and loading space in accordance with Section 818.
*1012 ‘‘ b. Suitability and adequacy of the site for the intended use and as to the location and arrangements of buildings, open spaces, and driveways as shown on a site plan approved as provided in Section 819.
“ 3. If the proposed structure includes provision for a school or for recreational activities, the applicant shall first obtain a permit therefor as required in the schedule contained in Article V and in accordance with the provisions of Articles VII and VIII.”
The powers of the board of appeals with respect to off-street parking and site plans are set forth in the zoning ordinance as follows:
“ Sec. 818. (a) With the advice of the Superintendent of Public Works, determine the amount of off-street parking space required for certain uses as provided in the schedule contained in Article V and the size and location of places containing such space, or permit parking places for more than 5 motor vehicles as provided in Section 701; (b) subject to the approval of said Superintendent, determine the design of such places and the means of ingress and egress for the same; and (e) require such screening of such places as the Board may deem to be necessary in order to prevent detriment to neighboring property or annoyance to the occupants thereof.
“ Sec. 819. Approve and amend site plans in accordance with the requirements set forth in the schedule contained in Article V. In passing on any site plan hereunder, the Board may require the provision of landscaping, fences, and walls designed to further the purposes of this ordinance, and such features shall be provided and maintained as a condition of the establishment of any use to which they are appurtenant. In considering any site plan, the Board shall endeavor to assure safety and convenience of traffic movement both within the area covered by the plan and in relation to access streets, harmonious and beneficial relation among the buildings and uses within said area, and satisfactory and harmonious relations between said area and contiguous and adjacent neighborhoods.”
The use of premises for church purposes is not restricted to any particular use district or districts. Such use, under the terms of the zoning ordinance, is permitted in any district, the only limitations being those imposed by the sections above quoted in respect of adequacy of off-street parking and the suitability and adequacy of the site. That portion of section 502 relating to situations in which the proposed structure includes provisions for a school or for recreational activities is not pertinent in this *1013 proceeding because no such use is proposed or contemplated by the petitioner.
It is apparent from the foregoing that the board of appeals was not to determine whether or not a church might be established on the petitioner’s property in the sense of having power to decide that a church could or could not be established at the particular location chosen by the petitioner. It was to determine only (a) whether provision had been made for adequate off-street parking and (b) whether the site was suitable and adequate for its use for church purposes and the location and arrangements of the buildings, open spaces and driveways, as shown on the site plan, suitable and adequate for the intended use.
The board considered the provision for off-street parking inadequate and it laid particular emphasis upon the possible growth in church membership. The evidence in the record establishes that at the present time the off-street parking provision is sufficient. As to the future, the board may not require excess parking facilities now to take care of all future growth. Newmarket Road is a broad highway on which parking for some overflow from the petitioner’s property can be cared for. It is petitioner’s responsibility to consider whether its growth in the foreseeable future will make these facilities inadequate and will prevent the effective use of its property and will compel the acquisition of a larger and more suitable site. To hold now that provision for the unforeseeable future must be made would restrict the freedom of worship by denying the right to establish a church not because the facilities are presently inadequate or unsuitable but because they may become so with the passage of time.
The decision of the board of appeals was based in part upon a finding that the present building on petitioner’s property does not comply with the building code for use as a church. There is no dispute that the building cannot be used for church purposes in the absence of compliance with building code requirements or procurement of a variance dispensing with full compliance. It is not the function of the board of appeals to pass upon the matter of compliance with the building code. That is a duty resting with the board of trustees of the village. The function of the board of appeals is to make a determination on the questions of adequacy of off-street parking and suitability and adequacy of the site for the intended use of the premises for church purposes. A determination favorable to the petitioner on these points by the board of appeals is not in itself sufficient authorization to begin using the premises for church *1014 purposes. There still remains the matter of obtaining clearance from the board of trustees as to building code compliance. This was recognized by the chairman of the board of appeals in his dissenting opinion wherein he proposed a finding that the site and the existing building, subject to such alterations as may be required and approved by the board of trustees, are suitable and adequate for the intended use. This analysis of the respective roles of the board of appeals and the board of trustees is supported by the decisions in Matter of Community Synagogue v. Bates (1 N Y 2d 445, supra) and Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508, supra).
The board of appeals found that the location of a place of worship on petitioner’s site would (1) depreciate or tend to depreciate the value of the property in the neighborhood and (2) would be detrimental to the neighborhood and the residents thereof. They found further that there were other sites in the village which would be better suited to petitioner’s purposes.
It is understandable that the board of appeals should have been influenced by those considerations. However, the two decisions of the Court of Appeals referred to above have held that when the location of a church is involved, the board of appeals may not be swayed by such considerations. In Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (supra, p. 524), the court said: “ Moreover, in view of the high purposes, and the moral value, of these institutions, mere pecuniary loss to a few persons should not bar their erection and use.”. At a later point in its opinion the court (p. 525) stated: “ Noise and other inconveniences have been held to be insufficient grounds upon which to deny a permit to a church (State ex rel. Synod of Ohio v. Joseph, 139 Ohio St. 229, supra) or a parochial school (Archbishop of Oregon v. Baker, 140 Ore. 600, supra).”
In the Rochester case the board gave as one of its reasons for denial of the application that to allow these proposed uses in this built-up area inhabited by people who have chosen to live there because it was strictly residential, would change the character of the residential use and enjoyment of the area. In replying to this, Judge Froessel said (p. 523): “ This in effect is a declaration by the board that a proposed church and school, such as we have here, could only be built in an outlying area. * * * Thus the Diocese is forced to locate in an undeveloped section of the town without being able to adequately serve the territorial needs of its parishioners, in the hope that people of the Catholic faith will move near it. We know of no rule of *1015 law which requires that churches may only be established in sparsely settled areas. On the contrary, as was said in O’Brien v. City of Chicago (347 Ill. App. 45, 51, supra), ‘ wherever the souls of men are found, there the house of God belongs.’ ”
In Matter of Community Synagogue v. Bates (supra), Chief Judge Conway, addressing himself to the argument that the village should have the power to deny an application for the location of a church at a “precise spot” said this: “ While many may be tempted to think that the solution offered by the intervenor is excellent, when one thinks it through one realizes that, if the municipality has the unfettered power to say that the ‘ precise spot ’ selected is not the right one, the municipality has the power to say eventually which is the proper ‘ precise spot ’. That, we all can see is the wrong solution.” (P. 458.)
In the light of the two decisions of the Court of Appeals which have become controlling authority since the determination of the board of appeals, the court is required to hold, pursuant to section 1296 of the Civil Practice Act, that in making the determination now under review the board of appeals violated a rule of law affecting the rights of the parties to the prejudice of the petitioner and that there was no competent proof of all the facts necessary to be proved in order to authorize the making of such determination.
Accordingly, respondents’ objections in point of law are overruled and the determination of the board of appeals annulled. During the hearings before the board of appeals the petitioner stipulated to the imposition of certain conditions. In this proceeding the petitioner has signified that it will agree to the conditions set forth in the dissenting opinion filed by the chairman of the board of appeals. The matter is therefore remitted to the board of appeals for the purpose of the issuance of the use permit upon such proper administrative conditions as the board deems reasonable and necessary. No costs are awarded against the board of appeals or the members thereof.
Settle order on notice.