■ In the Matter of GRACE R. MACKALL, Respondent, v RICHARD F. WHITE, JR., et al., Constituting the Planning Board of the Town of East Hampton, Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of East Hampton, dated September 12, 1979, insofar as it conditionally approved the petitioner's subdivision application, the appeal is from a judgment of the Supreme Court, Suffolk County (Robbins, J.), dated January 28, 1980, which modified the board's determination by deleting a requirement that the petitioner file a "declaration of non-hindrance" as a condition of subdivision approval. Judgment reversed, on the law, without costs or disbursements, determination of the Planning Board of the Town of East Hampton, dated September 12, 1979, annulled and matter remitted to the board for further proceedings not inconsistent herewith. Petitioner is the owner of unimproved real property in the Town of East Hampton. The property is bounded on the north by the beach of Gardiner's Bay. The tract is traversed by an old trail which baymen, and other members of the public, have used to gain access to the beach. The property is and has been posted, however, and petitioner has never demonstrated an intention to dedicate the trail to public use. In March, 1979, petitioner submitted an application to the town planning board for approval of a subdivision of the property into four lots. On September 12, 1979, the plan was approved by the planning board, on the condition that the petitioner file a "declaration of non-hindrance" permitting public use of the trail as a means of access to the beach. Petitioner commenced the instant proceeding, seeking deletion of the condition. Special Term granted the petition, concluding that the condition amounted to a public taking of property without compensation. This appeal followed. As this court held in *Holmes v Planning Bd. of Town of New Castle* (78 AD2d 1, 19), a condition may be imposed upon property so long as there is a reasonable relationship between the problem sought to be alleviated and the application concerning the property. In the case at bar, no such relationship exists. As Special Term properly found, there is currently no lawful, public access to the beach over the petitioner's property. The proposed subdivision will in no manner alter this state of affairs. While the problem of diminishing access to the beach is a matter of serious public concern (see Executive Law, § 912, subd 1), it is not one which can properly be alleviated by requiring petitioner to dedicate a portion of her property to public use. We conclude, therefore, that it was improper for the planning board to require the filing of a "declaration of non-hindrance" as a condition of subdivision approval. Since this conclusion is mandated by the rule of *Holmes v Planning Bd. of Town of New Castle* (*supra*), we find it unnecessary to address petitioner's contention that the planning board's action amounted to an unconstitutional taking of property. The case should be remitted to the planning board to reconsider the petitioner's application in light of our decision. Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.