■ In the Matter of DOROTHY SIEGERT, Appellant, v WILLIAM LUNEY, as Chairman of the Zoning Board of the Village of Tarrytown, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent Zoning Board of the Village of Tarrytown that respondent Temple Beth Abraham could operate a playground and nursery school daycare center on its property as a matter of right, petitioner appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered February 15, 1984, which granted a motion to dismiss the petition and confirmed the Zoning Board's determination.

Judgment affirmed, with one bill of costs.

Petitioner sought to have the Zoning Board place restrictions on the situs of the playground being constructed by respondent Temple Beth Abraham (Temple) on the property adjoining petitioner's. After first granting the Temple a variance, the Zoning Board annulled that determination, holding that Temple could

construct the playground as a matter of right, and that it did not have the authority to consider petitioner's request. This determination was confirmed by Special Term. Special Term's judgment should be affirmed.

While a religious institution cannot be prohibited from constructing a church, synagogue or its accessory uses, such as a playground, where they bear a substantial relationship to the promotion of public health, safety, morals or the community's general welfare, appropriate restrictions may be imposed on that construction (*Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508; *Matter of American Friends v Schwab,* 68 AD2d 646; *Matter of Seaford Jewish Center v Board of Zoning Appeals,* 48 AD2d 686).

However, at bar, the situs of the playground does not result in a prima facie violation of the village zoning ordinance, and petitioner does not specifically cite a violation. Therefore, the Zoning Board was without authority to consider petitioner's requests, and it properly declined to do so (*see,* Village Law § 7-712 [2]; *Matter of Garden City Jewish Center v Incorporated Vil. of Garden City,* 2 Misc 2d 1009). Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.