In the Matter of Albany Area Builders Association et al., Appellants, v Town of Clifton Park et al., Respondents.

Third Department, December 5, 1991

**APPEARANCES OF COUNSEL**

*De Graff, Foy, Holt-Harris & Mealey (James T. Potter* and *Kirk M. Lewis* of counsel), for appellants.

*Kevin A. Luibrand (Diane De Furio Foody* of counsel), for respondents.

**OPINION OF THE COURT**

HARVEY, J.

On June 19, 1989, respondent Town of Clifton Park enacted Local Laws, 1989, No. 12 (hereinafter the Phased Growth Law), which basically limits the number of yearly building permits that can be issued in a designated development area to 20% of the total units approved for any given project. The subject development area encompasses roughly 10% of the Town's total area and is located near exit 8 of the Northway. The Phased Growth Law is valid until exit 8A is completed but not longer than five years. The law's stated purpose is to alleviate the congested traffic conditions in the area.

Petitioners, who are property owners, builders and developers in the Town, commenced this combined action for declaratory judgment and proceeding pursuant to CPLR article 78 seeking to declare the law unconstitutional. Following joinder of issue, Supreme Court held that the Town acted within the scope of its legislative authority in enacting the Phased Growth Law and that the constitutional issue of an impermissible taking was not ripe for review. Petitioners now appeal the dismissal of their complaint/petition.

 Initially, we reject petitioners' contention that the Phased Growth Law is irrational, unnecessary and not substantially related to a legitimate government purpose. It is beyond cavil that a municipality may adopt zoning ordinances to promote the health, safety and welfare of the community *(Berenson v Town of New Castle,* 38 NY2d 102, 107). To be successful, a constitutional challenge to such an ordinance bears the burden of demonstrating that the ordinance is " 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare' " *(supra,* at 107, quoting *Euclid v Ambler Co.,* 272 US 365, 395; *see, French Investing Co. v City of New York,* 39 NY2d 587, 596, *cert denied* 429 US 990; *Matter of Castle Props. Co. v Ackerson,* 163 AD2d 785, 786). It follows accordingly that "the validity of a zoning ordinance depends on the facts of the particular case and whether it is 'really designed to accomplish a legitimate public purpose' " *(Berenson v Town of New Castle, supra,* at 107, quoting *Matter of Wulfsohn v Burden,* 241 NY 288, 299).

Here, we agree with Supreme Court that petitioners have not met their burden of proof in challenging the Phased Growth Law. The record contains ample evidence that the designated area has a major traffic problem and the new home construction in the area is the primary contributor to this congestion. There is further proof indicating that the dense traffic creates an increased risk of injury and death and that the Phased Growth Law is designed to confront these problems. In fact, the Town's Supervisor indicated that the law was enacted to plot a moderate course between a complete moratorium on building or allowing completely uncontrolled growth. It appears that the compromise reached was entirely reasonable. In any event, since the alleviation of traffic congestion is related to public health, safety and welfare *(see, McMinn v Town of Oyster Bay,* 66 NY2d 544, 549; *Holmes v Planning Bd.,* 78 AD2d 1, 13), we find the subject law to be rationally related to a legitimate government interest.

 Petitioners also argue that the Phased Growth Law unlawfully usurps the power of the Planning Board and violates both the Town Law and the Municipal Home Rule Law. We disagree. The Phased Growth Law's purpose is to reduce traffic congestion in the designated area pursuant to a master plan. A close reading of Town Law article 16 indicates that the Phased Growth Law is an authorized zoning regulation implicating the power to regulate density of population

indicated in Town Law § 261 and the "authorized purposes detailed in [Town Law] section 263" *(Matter of Golden v Planning Bd.,* 30 NY2d 359, 371, *appeal dismissed* 409 US 1003). The Phased Growth Law does not usurp the function of the Planning Board since that entity still has the power "to accept and review site plan, subdivision and special permit applications". The Phased Growth Law is also permissible under the Municipal Home Rule Law, and contrary to petitioners' assertions, is not beyond the powers given to the Town *(see, Albany Area Bldrs. Assn. v Town of Guilderland,* 141 AD2d 293, 298, *affd* 74 NY2d 372).

■ The remaining arguments advanced by petitioners have been examined and have been found to be unpersuasive. Supreme Court correctly determined that the constitutional taking issue is not ripe for review. The Phased Growth Law provides for an appeal process in which an affected party may file a variance with the Town Board. Petitioners have apparently not done so and, therefore, a "final decision regarding the application of the [zoning ordinance]" has not been made *(Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 186; *see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520, *cert denied* 479 US 985).

As a final matter, we must note that Supreme Court's judgment dismissed the declaratory judgment without making an appropriate declaration consistent with its resolution of the appeal *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954; *Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency,* 164 AD2d 469, 475, *lv denied* 77 NY2d 810). Accordingly, we must modify the judgment to that limited extent.

WEISS, J. P., MIKOLL, YESAWICH JR. and CREW III, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by declaring that Local Laws 1989, No. 12 of the Town of Clifton Park has not been shown to be unconstitutional, and, as so modified, affirmed.