■ In the Matter of NIXBOT REALTY ASSOCIATES et al., Appellants, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents. [597 NYS2d 55] —Judgment, Supreme Court, New York County (Francis Pecora, J.), entered October 15, 1991, which, in a proceeding pursuant to CPLR article 78 to annul certain of respondents' determinations approving various aspects of the Hunters Point Waterfront Development Project, denied the application and dismissed the petition, unanimously affirmed, without costs.

We note initially that there is no credible evidence that the project is a sham or that its public sponsors will be unwilling or unable to satisfy their obligations to mitigate the well-documented environmental impact. Such concerns are appropriate subjects of the instant proceeding, and indeed were raised by several interested parties including petitioners, throughout the review process. Petitioners, however, go further, advocating what is, in effect, an economic impact analysis as a new overlay of the environmental impact analysis, and would enjoin the project because the economic data and projections relied on by its sponsors are too vague to justify its scale. Nothing in the State Environmental Quality Review Act (SEQRA) the New York City Environmental Quality Review procedures, or the Uniform Land Use Review Procedure (ULURP) makes such data and projections proper subjects of consideration.

The proper inquiry, rather, is whether relevant areas of

environmental concern were targeted, the requisite hard look taken, and the adverse environmental impacts mitigated to the extent practicable *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400; *Akpan v Koch,* 75 NY2d 561). That was done here in parallel SEQRA and ULURP proceedings, and the lead agency actions, which often adopted modifications to the proposal, and the Board of Estimate determination, clearly have a rational basis in the record that reflects a reasoned consideration of the relevant issues of environmental concern. We also reject the claim that the Board of Estimate, which was entitled to rely on the expertise of the subject agencies *(Akpan v Koch, supra,* at 575), failed to issue a determination based on independent findings *(Matter of Coca-Cola Bottling Co. v Board of Estimate,* 72 NY2d 674). Concur —Carro, J. P., Wallach, Asch and Rubin, JJ.