■ In the Matter of ERNEST SCHLEIERMACHER et al., Respondents, v TOWN OF ROCKLAND et al., Appellants. [653 NYS2d 206] —Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 7, 1995 in Sullivan County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Town of Rockland denying petitioners' request to service and maintain Schleiermacher Road as a Town highway.

Petitioners are the owners of property in the Town of Rockland, Sullivan County, which included a private road they used

for access. Prior to 1994, petitioners apparently arranged for private snowplow service on the road, but respondent Town of Rockland also provided some assistance in plowing on the road. In 1994, petitioners had the necessary paper work prepared to have the private road dedicated to the Town as a public highway. On December 1, 1994, the Town Board noted an error in the relevant deed descriptions and adopted a resolution which authorized the Highway Department to continue winter maintenance on the road until the completion of the paper work for dedication. Based upon the corrected paper work, the Town Board adopted a resolution on December 15, 1994 whereby the Board accepted the private road as a Town Road "upon the Highway Superintendent's final approval and sign-off on the paper work". By letter dated January 20, 1995, respondent Town Highway Superintendent advised petitioners that he could not accept the private road as a Town road because of the road's inadequate subbase, which did not meet the requirements of the Town's 1974 resolution that established certain conditions for the Town's acceptance of private roads as Town roads.

Claiming that the private road was a Town road by dedication, petitioners commenced this CPLR article 78 proceeding to compel respondents to service and maintain the road as a Town road. According to petitioners, the subbase requirement was inapplicable to their road and the Highway Superintendent's approval was merely a ministerial act. Supreme Court granted the petition, resulting in this appeal by respondents.

When a highway is alleged to have become a town highway by dedication, compliance with the formal requirements of Highway Law § 171 must be established (*see, Matter of Hillelson v Grover*, 105 AD2d 484, 485). The statute provides that "[w]henever land is dedicated to a town for highway purposes therein, the town superintendent *may* with the consent of the town board * * * make an order laying out such highway" (Highway Law § 171 [1] [emphasis supplied]). Consistent with the statutory scheme, the Town Board herein conditioned its acceptance of the dedicated road on the final approval of the Highway Superintendent. Contrary to Supreme Court, we are of the view that the Highway Superintendent's role in the process is not merely ministerial, but involves the exercise of discretion (*see*, Highway Law § 171 [1]). The issue, therefore, is whether the Highway Superintendent abused his discretion when he withheld his approval of the dedication.

As previously noted, the Highway Superintendent relied upon the absence of the gravel subbase required by a 1974

Town resolution. Petitioners contend that the subbase requirement was deleted by a subsequent resolution, but we disagree with petitioners' interpretation of the subsequent resolution. By its terms, the subsequent resolution deleted only compliance with a particular requirement of the 1974 resolution, leaving the other requirements, including the subbase requirement, in effect. The Highway Superintendent concluded that the subbase was so inadequate that the road would not support the Town's heavy equipment. We see nothing irrational in the Highway Superintendent's refusal to approve acceptance of the road and, therefore, we reverse Supreme Court's judgment.

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.