■ In the Matter of CLIFFORD W. McKENNETT et al., Respondents, v WILLIAM E. HINES et al., Appellants, et al., Respondent. [734 NYS2d 200] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Quogue, dated April 14, 2000, which, after a hearing, granted David J. Kepner's application for a subdivision, William E. Hines, L. Russell Hayes, George Motz, Jeannette E. Obser, and Richard McChesney, constituting the Planning Board of the Village of Quogue appeal, and David J. Kepner separately appeals, from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered November 13, 2000, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioners purchased a vacant parcel in the Village of Quogue in 1995. Directly between the petitioners' parcel and Meeting House Road, which is a public road, is a separate parcel, which is being developed by the appellant David J. Kepner. The remainder of the petitioners' parcel is bordered by other parcels, including one owned by AML Enterprises (hereinafter AML). AML was granted approval for a subdivision plan in 1984 by the Planning Board of the Village of Quogue (hereinafter the Board). The AML subdivision map features Old Ice House Road South abutting the petitioners' parcel and extending to the public road of Old Quogue—Riverhead Road. According to the Board, Old Ice House Road South was created in the exercise of "good planning" to provide access in the future from the petitioners' parcel to the existing public roads,

and the AML subdivision map indicates that it "has irrevocably offered to cede title to the Village of Quogue of the land areas designated for streets." However, AML failed to deliver the necessary deeds to the Village, and Old Ice House Road South remained a private road.

In December 1999 Kepner applied to the Board for approval of a proposed subdivision of the parcel that he was developing. The petitioners requested that the Board deny Kepner's application unless the subdivision plan provided for access in the future from their parcel to Meeting House Road. On April 14, 2000, the Board denied the petitioners' request and granted Kepner's application for the subdivision. The petitioners commenced this proceeding to review the Board's determination. The Supreme Court granted the petition and annulled the Board's determination, finding that the Board should have conditioned approval of Kepner's subdivision plan on the creation of an access road from the petitioners' parcel to Meeting House Road and, thus, that its determination was arbitrary and capricious.

In a proceeding pursuant to CPLR article 78 to review a determination of a planning board, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see, Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of McNair v Board of Zoning Appeals,* 285 AD2d 553; *Matter of Koncelik v Planning Bd.,* 188 AD2d 469). Here, the Supreme Court erroneously concluded that the Board's determination was arbitrary and capricious. "[A] condition may be imposed upon property so long as there is a reasonable relationship between the problem sought to be alleviated and the application concerning the property" (*Matter of Mackall v White,* 85 AD2d 696; *see, Holmes v Planning Bd.,* 78 AD2d 1, 19). Here, no such relationship existed. Currently, there is no lawful access to Meeting House Road from the petitioners' parcel over the parcel being developed by Kepner. Thus, Kepner's proposed subdivision "will in no manner alter this state of affairs" (*Matter of Mackall v White, supra,* at 696). Although the coordinated development of the Village is a public concern, "it is not one which can properly be alleviated by requiring [Kepner] to dedicate a portion of [the] property to public use" (*Matter of Mackall v White, supra,* at 696; *see, Dolan v City of Tigard,* 512 US 374). Therefore, the Supreme Court erred in annulling the Board's determination which granted Kepner's application for a subdivision.

The petitioners' remaining contentions are without merit. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.