In the Matter of ERIC TURKEWITZ, Petitioner, v PLANNING BOARD OF CITY OF NEW ROCHELLE et al., Respondents. [809 NYS2d 113]—

Proceeding pursuant to CPLR article 78 to review two determinations of the respondent Planning Board of the City of New Rochelle, both dated October 10, 2003, which, after a hearing, approved a site plan and a parking plan submitted by the respondent Young Israel of New Rochelle in connection with an application for permission to construct a house of worship, and adopted the environmental findings of the Board of Appeals on Zoning of the City of New Rochelle dated February 4, 2003.

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court erroneously transferred this proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle*, 24 AD3d 768 [2005] [decided herewith]). Nonetheless, this Court will decide the case on the merits in the interest of judicial economy (*see Matter of Halperin v Board of Appeals on Zoning of City of New*

*Rochelle, supra; Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.,* 123 AD2d 619 [1986]).

The determinations of the respondent Planning Board of the City of New Rochelle (hereinafter the Planning Board), which approved a site plan and a parking plan submitted in connection with the application of a religious congregation for permission to construct a synagogue, were rational and not arbitrary and capricious (*see Matter of Sasso v Osgood, supra* at 384; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra; Matter of McKennett v Hines,* 289 AD2d 246, 247 [2001]).

Contrary to the petitioner's contention, the Planning Board was authorized to impose certain challenged conditions upon the applicant with respect to parking on and near the subject property, and those conditions were not irrational (*see Matter of McKennett v Hines, supra; Matter of Albany Area Bldrs. Assn. v Town of Clifton Park,* 172 AD2d 54, 56 [1991]; *Holmes v Planning Bd. of Town of New Castle,* 78 AD2d 1, 13 [1980]). Moreover, contrary to the petitioner's contention, the Planning Board was not required to take account of the potential growth in the applicant's membership, or the possibility that the applicant might re-use its existing nearby facility for religious purposes (*see Matter of Garden City Jewish Ctr. v Incorporated Vil. of Garden City,* 2 Misc 2d 1009, 1010 [1956]; *cf. Matter of American Friends of Socy. of St. Pius v Schwab,* 69 AD2d 646 [1979]). General considerations of "growth and character of the community" are entrusted to a lead agency in the course of discharging its obligations under the State Environmental Quality Review Act (ECL 8-0109) (hereinafter SEQRA), and are not to be grafted upon an agency such as the Planning Board, which was only an "involved agency" (*see* 6 NYCRR 617.2 [s]) with limited review powers (*see Incorporated Vil. of Atl. Beach v Gavalas,* 81 NY2d 322, 327 [1993]).

The Planning Board, as an involved agency for SEQRA purposes (*see* 6 NYCRR 617.2 [s]), properly relied upon the findings set forth in the final environmental impact statement circulated by the Board of Appeals on Zoning of the City of New Rochelle, which appropriately designated itself as the lead agency (*see Matter of Gordon v Rush,* 100 NY2d 236, 243-244 [2003]; *Matter of Incorporated Vil. of Poquott v Cahill,* 11 AD3d 536, 542 [2004]; *Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency,* 302 AD2d 399, 401 [2003]; *East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.,* 189 AD2d 352, 366-367 [1993], *affd* 84 NY2d 287 [1994]; *Residents of Bergen Believe in Envt. & Democracy v County of*

*Monroe,* 159 AD2d 81, 83-84 [1990]; *see also Matter of Richmond v Board of Appeals on Zoning of City of New Rochelle,* 24 AD3d 782 [2005] [decided herewith]; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra).*

The petitioner's remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.