■ In the Matter of CHASE PARTNERS, LLC, Respondent, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Appellants.

(Proceeding No. 1.) In the Matter of CHASE PARTNERS, LLC, Respondent, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Appellants. (Proceeding No. 2.) [843 NYS2d 114]—

In a proceeding pursuant to CPLR article 78 to review the statement of findings of the Planning Board of the Village of Rockville Centre dated October 6, 2004, and issued pursuant to the State Environmental Quality Review Act (ECL art 8) in connection with the petitioner's application for site plan approval, and a related hybrid proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Rockville Centre dated November 16, 2004, approving with modifications the petitioner's site plan application and an action for a judgment declaring that the site plan regulations of the Village of Rockville Centre are unconstitutionally vague, (1) the Incorporated Village of Rockville Centre and the Planning Board of the Village of Rockville Centre, by and through Mary Beth Kearns, Chairperson, Edward Oppenheimer, Catherine Pucciarelli, William Croutier, and Donna Joyce appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Alpert, J.), entered August 7, 2006, as, inter alia, granted that branch of the petition in proceeding No. 1 which was to annul the statement of findings of the Planning Board of the Village of Rockville Centre, and (2), the Incorporated Village of Rockville Centre and the Planning Board of the Village of Rockville Centre appeal, as limited by their brief, from so much of a judgment of the same court also entered August 7, 2006, as, upon a decision of the same court dated June 26, 2006, granted the petition in proceeding No. 2 to the extent of striking, from the petitioner's site plan, condition Nos. 1, 2, 3, 7, 9, 13, 16, 18, 20, 21, and 22, as imposed by the Planning Board of the Village of Rockville Centre.

Ordered that the judgment in proceeding No. 1 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment in proceeding No. 2 is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to strike, from the petitioner's site plan, condition No. 7, as imposed by the Planning Board of

the Village of Rockville Centre and substituting therefor a provision denying that branch of the petition; as so modified, the judgment in proceeding No. 2 is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly determined that the Planning Board of the Village of Rockville Centre (hereinafter the Planning Board) failed to provide a reasoned elaboration of the basis for its statement of findings issued pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) in connection with the petitioner's application for site plan approval (*see Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400 [1986]), and instead based the statement of findings on generalized, speculative comments and opinions of local residents (*see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd,* 79 NY2d 373 [1992]). Therefore, the Supreme Court properly annulled the Planning Board's SEQRA findings statement.

The Supreme Court also correctly determined that the Planning Board's determination to approve the petitioner's site plan application by imposing numerous modifications upon the site plan was arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 772 [2005]). Contrary to the petitioner's contention, however, the Planning Board was authorized to impose condition No. 7 so as to require a perimeter road providing access to the property by fire trucks, and such condition was not irrational (*see Matter of Turkewitz v Planning Bd. of City of New Rochelle,* 24 AD3d 790, 791 [2005]; *Matter of McKennett v Hines,* 289 AD2d 246, 247 [2001]). Schmidt, J.P., Dillon, Angiolillo and McCarthy, JJ., concur.