■ HUGHES VILLAGE RESTAURANT, INC., Appellant, v VILLAGE OF CASTLETON-ON-HUDSON et al., Respondents. [848 NYS2d 384]—

Peters, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 6, 2006 in Rensselaer County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a privately held corporation, owned an apartment building located on 28-30 South Main Street in the Village of Castleton-on-Hudson, Rensselaer County, which was managed by Joseph Hughes, the husband of its sole shareholder. On January 13, 2002, a tenant of the building called 911 to report the smell of an electrical fire. When Hughes arrived at the building, he was met by representatives of numerous fire departments and municipal agencies, including Robert Mantaski, Fire Chief for defendant Village of Castleton-on-Hudson, and Bret Crandall, building inspector for the Village. They determined that a leaking pipe in the basement was spraying water onto exposed electrical connections of several hot water tanks, causing a fire. During the course of an investigation, Crandall observed, among other things, plumbing leaks, a defective furnace responsible for servicing all units in the building and multiple uncovered electrical boxes. Upon smelling gas in the basement, Niagara Mohawk Power Corporation was called to test carbon monoxide levels.[1] Defendant Paul Felts, code enforcement officer for the Village, was also summoned to the building. Once Hughes learned that the fire resulted from a leaking pipe, Hughes turned off the water to the building and fixed the leak. Notwithstanding this repair, and despite Hughes' vehement objections, Crandall decided to close the building, ordering that the water and electrical circuits be turned off and that all tenants be removed. Hughes warned him that such actions would effectively destroy the building since the pipes would freeze.

Two days later, the Village issued an "order to remedy violation" to Hughes, stating that he was in violation of the State Uniform Fire Prevention and Building Code (see Executive Law art 18) because the electrical wiring and equipment in the building was a fire hazard and source of ignition; the order directed plaintiff to remedy these conditions by January 21, 2002 or face a possible fine, imprisonment, or both. Although a hearing was held in February 2002 before the Justice Court (Peter, J.), this hearing addressed unrelated charges.

---

1. Crandall later testified that the carbon monoxide levels in the basement were higher than legally permissible yet there is no documentation in this record from Niagara Mohawk to support this testimony.

Hughes did not take any steps to remedy the defects since he believed that the building had already been destroyed.[2] After filing a notice of claim, plaintiff commenced this action alleging a violation of its procedural due process rights under 42 USC § 1983 and trespass. After issue was joined and discovery completed, defendants moved for summary judgment based upon the doctrine of qualified immunity; plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court granted defendants' cross motion and dismissed the action, finding that plaintiff failed to state a claim under 42 USC § 1983. Plaintiff appeals.[3]

With no dispute that the actions taken by defendants were under color of state law or that plaintiff possessed a property interest entitled to constitutional protection, Supreme Court focused on the alleged procedural due process violations. It became "necessary to ask what process the State provided, and whether it was constitutionally adequate" (see *Zinermon v Burch*, 494 US 113, 126 [1990]). In reaching this determination, claims predicated upon an established state procedure must be distinguished from those arising from "random, unauthorized acts by state employees" (*Hellenic Am. Neighborhood Action Comm. v City of New York*, 101 F3d 877, 880 [1996], *cert dismissed* 521 US 1140 [1997]; see *Hudson v Palmer*, 468 US 517, 533 [1984]). If they result from an established state procedure, predeprivation hearings are necessary to satisfy due process, whereas postdeprivation remedies will be sufficient if the claims are based on random, unauthorized acts by state employees (see *Hudson v Palmer*, 468 US at 532-533).

Here, plaintiff's contention that the closing of the building resulted from the established procedure of the Village, as embodied in chapter 106 of the village code (see Code of Village of Castleton-on-Hudson § 106-5 [1973]), is not borne out by the record. Agreeing with Supreme Court that the closure resulted from random, unauthorized acts of Village officials, we next consider whether plaintiff had available a meaningful postdeprivation remedy (see *Hudson v Palmer*, 468 US at 534-535).[4]

Such remedy was available through a CPLR article 78 proceeding. An article 78 proceeding is a vehicle through which

**2.** At some point thereafter, plaintiff lost title to the property due to foreclosure.

**3.** Plaintiff has not addressed the dismissal of its cause of action sounding in trespass and, therefore, we deem that issue abandoned (see *Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]).

**4.** Upon the facts before us, we agree that the February 2002 hearing before the Justice Court did not satisfy that requirement.

challenges may be made to determinations rendered by governmental bodies and agencies which are "in violation of lawful procedure, . . . affected by an error of law, or [are] arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). Damages which may be awarded in such a proceeding "must be incidental to the primary relief sought by the petitioner, and must be such as he [or she] might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his [or her] official capacity" (CPLR 7806). Depending upon the claims asserted and the relief sought under 42 USC § 1983, an article 78 proceeding may be a "perfectly adequate postdeprivation remedy" (*Hellenic Am. Neighborhood Action Comm. v City of New York*, 101 F3d at 881; *see Hudson v Palmer*, 468 US at 535); the fact that a plaintiff "might not be able to recover . . . the full amount which he [or she] might receive in a [section] 1983 action is not . . . determinative" (*Hudson v Palmer*, 468 US at 535; *compare Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 348-349 [1999] [claims asserted did not derive from the plaintiff's dismissal as member of fire company]; *Davidson v Capuano*, 792 F2d 275, 278-280 [1986] [damages sought as a result of conduct of prison officials not incidental to primary relief sought in CPLR article 78 proceeding]).

Here, a CPLR article 78 proceeding could have challenged the alleged wrongful closure of plaintiff's building, incidental to which it could have claimed damages for the destruction that allegedly resulted—the same damages that are being claimed in this action (*compare Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 348). Finding that there was an adequate postdeprivation remedy, Supreme Court correctly dismissed this action (*see Hellenic Am. Neighborhood Action Comm. v City of New York*, 101 F3d at 882); the fact that plaintiff "failed to avail [itself] of th[at] opportunity" (*Giglio v Dunn*, 732 F2d 1133, 1135 [1984], *cert denied* 469 US 932 [1984]) does not undermine our determination.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 11 Misc 3d 1060(A), 2006 NY Slip Op 50319(U).]