■ In the Matter of EAST FISHKILL HOME & LAND COMPANY, LLC, Petitioners, v TOWN OF EAST FISHKILL et al., Respondents. [864 NYS2d 524]—

Hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of East Fishkill Town Board dated July 27, 2006, denying the petitioners' application to close a road in the Town of East Fishkill known as Old Phillips Road, in connection with a residential development known as Four Corners, and action for a judgment declaring that Old Phillips

Road is "useless" pursuant to Highway Law § 171 and an injunction directing the Town of East Fishkill Town Board to close Old Phillips Road pursuant to CPLR 7806 and Highway Law §§ 171 and 188.

Ordered that so much of the cause of action seeking a judgment declaring, inter alia, that Old Phillips Road is "useless" pursuant to Highway Law § 171 and an injunction directing the Town of East Fishkill Town Board to close Old Phillips Road pursuant to CPLR 7806 and Highway Law §§ 171 and 188, is remitted to the Supreme Court, Dutchess County, for further proceedings on that cause of action, including a severance thereof, and thereafter for the entry of an appropriate judgment dismissing that cause of action on the ground that it has been rendered academic; and it is further,

Adjudged that the determination is confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court erroneously transferred the proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]; *Matter of Turkewitz v Planning Bd. of City of New Rochelle,* 24 AD3d 790 [2005]). Moreover, the petitioners also requested a declaratory judgment, relief for which a transfer is not authorized (*see Matter of Huntington Hills Assoc., LLC v Town of Huntington,* 49 AD3d 647 [2008]; *Matter of Herman v Incorporated Vil. of Tivoli,* 45 AD3d 767, 769 [2007]).

Nonetheless, this Court will determine the CPLR article 78 portion of the case on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]; *Matter of Turkewitz v Planning Bd. of City of New Rochelle,* 24 AD3d 790 [2005]). The determination of the respondent Town of East Fishkill Town Board denying the petitioners' application to close a road in the respondent Town of East Fishkill, known in these proceedings as Old Phillips Road, was rational and not arbitrary and capricious, since the subject road is still in active use (*see* Highway Law § 171 [2]; *Matter of E & J Holding Corp. v Noto,* 126 AD2d 641 [1987]; *see generally Matter of Poster v Strough,* 299 AD2d 127 [2002]; *Matter of Schleiermacher v Town of Rockland,* 236 AD2d 695 [1997]).

To the extent that relief in addition to that sought pursuant to CPLR article 78 is requested, any issues pertaining to such relief must be determined by the Supreme Court, Dutchess County, in the first instance, as transfer to this Court is not au-

thorized (*see Matter of Huntington Hills Assoc., LLC v Town of Huntington,* 49 AD3d 647 [2008]; *Matter of Herman v Incorporated Vil. of Tivoli,* 45 AD3d at 769). However, in light of this Court's determination of the CPLR article 78 proceeding, the cause of action for a declaratory judgment and an injunction has been rendered academic.

The petitioners' remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.