In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Cortlandt dated November 3, 2010, adopting a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8) and granting preliminary plat approval for a subdivision of only 16 lots, subject to certain conditions, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (Cacace, J.), entered May 20, 2011, as granted the petition only to the extent of annulling conditions 5, 6, 13, 14, 15, 21, and 22, and the Planning Board of the Town of Cortlandt cross-appeals, as limited by its brief, from so much of the same judgment as granted those branches of the petition which were to annul conditions 6, 21, 22, and so much of conditions 5 and 15 as relate to on-site improvements.
Ordered that the judgment is affirmed insofar as appealed from; and it is further,
Ordered that the judgment is reversed insofar as cross-appealed from, on the law, those branches of the petition which were to annul conditions 6, 21, 22, and so much of conditions 5 and 15 as relate to on-site improvements are denied, and that portion of the proceeding is dismissed; and it is further,
Ordered that one bill of costs is awarded to the Planning Board of the Town of Cortlandt.
The petitioner owns an approximately 53-acre site in the Town of Cortlandt. It applied to the Planning Board of the Town of Cortlandt (hereinafter the Planning Board) for preliminary plat approval for a 27-lot subdivision to be known as the “Residences at Mill Court Crossing.” The Planning Board declared itself lead agency for the purposes of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and, upon concluding that the project would have a significant impact on the environment, issued a positive declaration. Over the next few years, hearings were held on the draft and final environmental impact statements, which resulted in the petitioner’s reduction of the size of the project from 27 lots to 21 lots, and then to 19 lots. The Planning Board determined that a further reduction in the number of lots was necessary due to the environmental issues specific to the project site. It *755 approved a SEQRA findings statement and granted preliminary-plat approval for a subdivision of 16 lots, with certain conditions.
The petitioner commenced this CPLR article 78 proceeding seeking to review the Planning Board’s determination, and thereupon to direct the Planning Board to approve the 21-lot plan. It further challenged certain conditions imposed upon the approval. The Supreme Court granted the petition only to the extent of annulling conditions 5, 6, 13, 14, 15, 21, and 22. The petitioner appeals, and the Planning Board cross-appeals, from stated portions of the judgment.
Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and “whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination” (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986] [internal quotation marks omitted]; see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]). “In a statutory scheme whose purpose is that the agency decision-makers focus attention on environmental concerns, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively” (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416). The agency decision should be annulled only if it is arbitrary and capricious, an abuse of discretion, or affected by an error of law (id.; see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd, 79 NY2d 373, 383 [1992]).
Here, the Planning Board fulfilled its obligations under SEQRA by taking a hard look at the environmental impacts of the proposed project and issuing a reasoned elaboration for the basis of its determination to eliminate certain lots from the proposed site plan. Contrary to the petitioner’s contention, SEQRA does not require a lead agency to take a “hard look” at the economic feasibility of a project (see Matter of Tudor City Assn. v City of New York, 225 AD2d 367 [1996]; Coalition Against Lincoln W. v City of New York, 208 AD2d 472 [1994], affd 86 NY2d 123 [1995]; Matter of Nixbot Realty Assoc. v New York State Urban Dev. Corp., 193 AD2d 381 [1993]). Given the environmental constraints of the site, including numerous steep slopes, the existence of wetlands, and the inclusion of the site in a biodiversity corridor, the Planning Board’s determination to eliminate certain lots and approve a 16-lot plan, rather than the *756 21-lot plan, was rational and not arbitrary and capricious (see Code of Town of Cortlandt § 259-2 [I]; cf. Matter of Chase Partners, LLC v Incorporated Vil. of Rockville Ctr., 43 AD3d 1053 [2007]). While the petitioner’s biodiversity expert disputed the conclusions of the Planning Board’s expert, the choice between conflicting expert testimony rests in the discretion of the Planning Board (see Matter of Brooklyn Bridge Park Legal Defense Fund, Inc. v New York State, 50 AD3d 1029 [2008]; Matter of Ball v New York State Dept. of Envtl. Conservation, 35 AD3d 732 [2006]). Moreover, the petitioner’s allegations of an ulterior purpose on the part of the Planning Board find no factual support in the record, and are insufficient to demonstrate bad faith (see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 275 [2007], affd 12 NY3d 735 [2009], cert denied 558 US —, 130 S Ct 96 [2009]). Accordingly, the Supreme Court properly denied those branches of the petition which were to annul the determination based on alleged violations of SEQRA, and thereupon to direct the Planning Board to approve the 21-lot plan, rather than a 16-lot plan.
The Supreme Court should have also denied those branches of the petition which were to annul conditions 6, 21, 22, and so much of conditions 5 and 15 as relate to on-site improvements. Conditions may be properly imposed upon subdivision approval “ ‘so long as there is a reasonable relationship between the problem sought to be alleviated and the application concerning the property’ ” (Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y., 20 AD3d 531, 533 [2005], quoting Matter of Mackall v White, 85 AD2d 696, 696 [1981]; see Town Law § 276; Code of Town of Cortlandt § 265-8). Here, requisite findings were made for the imposition of a recreational fee (see Town Law § 277 [4]; Code of Town of Cortlandt § 265-11 [B] [3]; Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, 76 NY2d 460, 467-469 [1990]; Matter of Sepco Ventures v Planning Bd. of Town of Woodbury, 230 AD2d 913 [1996]). In addition, the inspection fee was proper (see Kencar Assoc., LLC v Town of Kent, 27 AD3d 423 [2006]). Moreover, those conditions which required completion of specific construction details to the satisfaction of the Town’s Director of Technical Services were proper, and not an unconstitutional delegation of authority (see Code of Town of Cortlandt § 77-2). The additional conditions challenged by the petitioner were properly upheld. Skelos, J.P., Florio, Roman and Miller, JJ., concur.