■ MICHAEL PERKINS, Appellant, v MARK D. MCGRAIN et al., Respondents. [975 NYS2d 924]—

Garry, J. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered December 26, 2012 in Chemung County, which granted defendants' motion to dismiss the complaint.

In December 2011, plaintiff, an inmate in the custody of the Department of Corrections and Community Supervision, commenced this action pursuant to 42 USC § 1983 against defendants, all Department employees, claiming that they negligently and/or intentionally deprived him of his personal property.* Thereafter, defendants, among other things, moved to dismiss the complaint for failure to state a valid claim for relief under 42 USC § 1983. Supreme Court granted that motion and dismissed the complaint without prejudice, in the event that plaintiff alternatively chose to file an action in the Court of Claims. Plaintiff appeals, and we affirm.

Contrary to plaintiff's argument, Supreme Court did not dismiss the action for lack of jurisdiction based upon Correction Law § 24, in contravention of *Haywood v Drown* (556 US 729, 736 [2009] [ruling that Correction Law § 24 violates the Supremacy Clause as applied to 42 USC § 1983 claims]; *see Carrington v Moore*, 104 AD3d 1091 [2013]). We agree with Supreme Court that the alleged acts by defendants described by plaintiff in the complaint can only be properly characterized as "random and unauthorized," rather than as "a product of governmental policy" (*Corvetti v Town of Lake Pleasant*, 227

---

* Specifically, petitioner described four incidents whereby he claimed that defendants violated his rights by losing books that were placed in storage, discarding his sneakers, stealing certain law books and lying about the whereabouts and ownership of his property.

AD2d 821, 824 [1996]). It is well settled that claims for property loss of this nature "will not support a due process claim redressable under [section] 1983 if 'adequate state post-deprivation remedies are available,' " such as a Court of Claims action (*Davis v New York*, 311 Fed Appx 397, 400 [2d Cir 2009], quoting *Hudson v Palmer*, 468 US 517, 533 [1984]; *see Bellezza v Holland*, 730 F Supp 2d 311, 316 [SD NY 2010]). Thus, we find no basis to disturb Supreme Court's dismissal of the complaint.

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.