*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    518620
_____

YOUR PLACE, LLC,

                    Appellant,

        v                                MEMORANDUM AND ORDER

CITY OF TROY et al.,

                    Respondents.
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                         _____


        Gustave J. DeTraglia Jr., for appellant.

        Pattison, Sampson, Ginsberg & Griffin, Troy (Michael E.
Ginsberg of counsel), for respondents.

                         _____


Peters, P.J.

        Appeal from an order and judgment of the Supreme Court
(Zwack, J.), entered October 18, 2013 in Rensselaer County, upon
a decision of the court in favor of defendants.

        In September 2009, plaintiff, through one of its
principals, Michael Liberatore, applied for a certificate of
occupancy with defendant City of Troy for a building located in
the City's downtown business district.  The application described
the business as a gift shop and indicated that no alterations to
the space were proposed.  Shortly after the store opened for
business, the City's then-Deputy Mayor received a complaint that
adult material was being sold at the premises, prompting the
City's principal code inspector to inspect the store.  According
to this inspector, upon discovering that the majority of the
store's inventory was comprised of adult material and that

viewing booths were being constructed within the store without a proper building permit, he padlocked the entrance, placed a stop-work order in the store's window and left a voice message for Liberatore explaining that the business had been shut down based upon a zoning violation. No further request for a building permit or zoning appraisal was received by the City, nor did plaintiff commence a CPLR article 78 proceeding. Rather, plaintiff commenced this action seeking, among other things, a judgment prohibiting defendants from interfering with its business, the reinstatement of its certificate of occupancy and damages. Following a nonjury trial, Supreme Court dismissed plaintiff's complaint in its entirety and entered judgment in favor of defendants. Plaintiff appeals.

We shall not address plaintiff's assertion that the failure of the Code of the City of Troy to specify a zone where adult materials may be sold violates plaintiff's free speech rights under both the US and NY Constitutions, as this issue is not ripe for our review. According to the City's Assistant Plans Examiner, if a particular use was not set forth in the list of allowed uses or special permit uses enumerated in the Code, as was the case with adult establishments, a use variance could be obtained by seeking approval from the appropriate zoning board. Because Liberatore did not disclose the extent of plaintiff's sale of adult material in applying for a certificate of occupancy, and therefore did not follow the process set out in the Code to apply for a use variance, any harm that plaintiff may have suffered pursuant to such Code was speculative and contingent upon the City's anticipated rejection of plaintiff's proposal. Under these circumstances, plaintiff's challenge to the constitutionality of the Code is not ripe for review (see Matter of Wal-Mart Stores v Campbell, 238 AD2d 831, 832-833 [1997]; Matter of Albany Area Bldrs. Assn. v Town of Clifton Park, 172 AD2d 54, 57 [1991]; Matter of Stone v McGowan, 157 AD2d 882, 883 [1990]).

Plaintiff further argues that, by neglecting to reinspect the property or issue plaintiff an appearance ticket for City Court, the City failed to follow its own procedures in violation of plaintiff's due process rights. However, where, as asserted here, the alleged deprivation arises from an unauthorized act of

a governmental employee, it "will not support a due process claim . . . if adequate . . . post-deprivation remedies are available," such as a proceeding pursuant to CPLR article 78 (Perkins v McGrain, 112 AD3d 1018, 1019 [2013] [internal quotation marks and citations omitted]; see Hughes Vil. Rest., Inc. v Village of Castleton-on-Hudson, 46 AD3d 1044, 1046-1047 [2007]; Marx v Cuomo, 128 AD2d 965, 967 [1987]). Notably, plaintiff not only failed to petition for any relief pursuant to CPLR article 78 but, even after receiving three notices of violation directing it to obtain a new certificate of occupancy and comply with the City's zoning laws, plaintiff still took no corrective action. In light of plaintiff's failure to avail itself of such adequate postdeprivation remedies, its due process claim was properly dismissed (see Hughes Vil. Rest., Inc. v Village of Castleton-on-Hudson, 46 AD3d at 1047).

Stein, Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court