■ In the Matter of COMMERCIAL REAL ASSET MANAGEMENT INC. et al., Appellants, v STEVEN KESSLER et al., Respondents. [831 NYS2d 477]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Cortlandt, dated August 3, 2004, which, after a hearing, denied the petitioners' application for a preliminary subdivision approval and various permits pursuant to the Town Code of the Town of Cortlandt, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered May 19, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners applied to the Planning Board of the Town of Cortlandt (hereinafter the Planning Board) for approval to subdivide approximately 128 acres of previously undeveloped

property located in the Town. The petitioners proposed to subdivide the property into 30 lots in order to build 30 single-family residences and to install the associated infrastructure, including a lengthy dead-end roadway, driveways, drainage facilities, and a sewage treatment plant. Pursuant to the Town Code of the Town of Cortlandt (hereinafter Town Code), the petitioners needed approval from the Planning Board to build the dead-end road because it exceeded 500 feet in length (*see* Town Code § 265-17 [F]). In addition, the petitioners sought the appropriate permits to build on environmentally sensitive portions of the property, which included steep slopes, wetlands, and "specimen tree[s]" (Town Code § 283-3) (*see* Town Code §§ 179-1 *et seq.*, 259-1 *et seq.*, 283-1 *et seq.*). The Planning Board considered whether to issue these permits in connection with its environmental review pursuant to the State Environmental Quality Review Act (ECL art. 8 [hereinafter SEQRA]). The Planning Board denied the permits for the project, and thus, the petitioners commenced the instant CPLR article 78 proceeding.

Contrary to the petitioners' contentions, the Planning Board's decision to deny the necessary permits was rational, and not arbitrary and capricious (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]; *Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of McKennett v Hines*, 289 AD2d 246, 247 [2001]; *cf. Matter of Bower Assoc. v Planning Bd. of Town of Pleasant Val.*, 289 AD2d 575 [2001]). Moreover, the Planning Board complied with the procedural and substantive requirements of SEQRA. The Planning Board identified the relevant areas of environmental concern, took a " 'hard look' " at them, and made a " 'reasoned elaboration' " of the basis for its determination to disapprove the project (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986], quoting *Aldrich v Pattison*, 107 AD2d 258, 265 [1985]). Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.