■ In the Matter of FRIENDS OF SMITH FARM et al., Appellants, v TOWN BOARD FOR THE TOWN OF CLARKSTOWN et al., Respondents. [847 NYS2d 588]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Planning Board for the Town of Clarkstown, dated September 7, 2005, granting preliminary approval to a project comprising two cluster subdivision developments referred to as Little Tor Homes and Highland Vista Estates, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Alessandro, J.), dated June 26, 2006, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1996 subdivision applications (hereinafter the original applications) were submitted to the respondent Planning Board for the Town of Clarkstown for a proposed residential development project. The Planning Board declared itself lead agency under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) for review of the original applications which were classified as Type I actions under SEQRA, and a positive declaration was made. The Planning Board reviewed these applications between November 1996 and December 1999 during which time public hearings were held, a draft environmental impact statement was submitted in October 1997, and a supplemental draft environmental impact statement was submitted in December 1997. The Planning Board addressed various issues regarding, inter alia, the visual impact of the project. On December 1, 1999, the Planning Board adopted a final environmental impact statement (hereinafter the 1999 FEIS) in which it made certain findings regarding, among other things, the visual impact of the proposed subdivisions and mitigation requirements. The original project did not move forward after the 1999 FEIS was adopted.

In 2003 the respondents Wales Corley Clarkstown Corp. and Highland Vista Estates Corp. (hereinafter the developers), submitted the instant applications to the Planning Board for approval of the successor project. The developers proposed to subdivide the property into two separate subdivisions referred to as Little Tor Homes and Highland Vista Estates with a total of 77 lots (hereinafter the project). Due to the elapsed time and changes to applicable development regulations, the Planning Board required the applicants to submit a new draft supplemental environmental impact statement (hereinafter the new draft DSEIS) pursuant to SEQRA to address, inter alia, the visual impact of the project. On January 12, 2005, at a public hearing, the Planning Board accepted the new draft DSEIS and solicited public comment. After several hearings were conducted, on May 25, 2005, a new final supplemental environmental impact statement was submitted to the Planning Board. Thereafter, a second draft supplemental environmental impact statement and a second final supplemental environmental impact statement were developed and submitted to the Planning Board on June 2, 2005, in which certain mitigation requirements were addressed.

On September 7, 2005, after a public hearing, the Planning Board granted preliminary approval of the project (hereinafter the determination). The petitioners commenced this proceeding, inter alia, to review the determination objecting to, among other things, the purported visual impact the subdivision would have on the views of surrounding state, county, and local parks.

Contrary to the petitioners' contentions, the Planning Board's determination granting preliminary approval to the project was rational, and not arbitrary and capricious (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668 [1996]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). Moreover, the Planning Board complied with the procedural and substantive requirements of SEQRA (*see Matter of Commercial Real Asset Mgt. Inc. v Kessler*, 38 AD3d 542, 543 [2007]). The Planning Board identified the relevant areas of environmental concern, took a " 'hard look' " at them, and made a " 'reasoned elaboration' " of the basis for its determination (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986], quoting *Aldrich v Pattison*, 107 AD2d 258, 265 [1985]). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Goldstein, J.P., Skelos, Dillon and Covello, JJ., concur.