■ In the Matter of JOSEPH SMITH, JR., Petitioner, v ROBERT R. GWYDIR, as President of the Nassau County Community College, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Community College, dated June 18, 1980, which found petitioner guilty of (1) insubordination, (2) wrongfully disobeying a directive of his superior, (3) conduct unbecoming an employee, and (4) giving untruthful answers to inquiries by his superior, and demoted him from his position. Petition granted to the extent that the determination is modified, on the law, by annulling the finding of guilt as to Charge No. 2 and the penalty imposed. As so modified, determination confirmed, petition otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the respondents for further proceedings not inconsistent herewith. During the

course of an inquiry with respect to activities which took place during the petitioner's hours on duty, he was questioned by his supervisor who then directed the petitioner to sign a statement containing his purportedly verbatim responses. The petitioner refused to sign. At a subsequent hearing, he was found guilty, *inter alia,* of willfully and wrongfully refusing to obey a directive of his superior, that directive being to sign the statement. Such a finding cannot be sustained. It is undisputed in this case that the petitioner had a right to a hearing. To permit the supervisor to question petitioner and direct him to sign an inculpatory statement would make any hearing academic. Therefore, it was not improper for the petitioner to refuse to sign the statement. Additionally, since the supervisor admitted that some of the answers given by the petitioner did not appear on the statement, it is clear, as a matter of law, that the statement did not set forth the petitioner's answers verbatim. For example, the "answer" on the statement, "doesn't recall", was not a verbatim response. In light of the above, the matter is remitted for a reconsideration of the penalty imposed. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.