■ In the Matter of DENISE AIELLO et al., Petitioners, v THOMAS J. VARELAS, as Sheriff of Nassau County, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review determinations of the Sheriff of Nassau County dated March 14, 1983 as to petitioners Keller and Lohwasser, and April 28, 1983 as to petitioners Aiello and Alston, which found them guilty of impairing and interfering with the efficient operation of the Nassau County Correctional Center and failing to submit a report as required, and imposed a $100 fine upon each petitioner.

Petition granted to the extent that the determinations are modified, on the law, by annulling the findings of guilt as to charge one and the penalties imposed. As so modified, determinations confirmed, petition otherwise dismissed on the merits, without costs or disbursements, and matter remitted to the respondents for the imposition of a new penalty with respect to each petitioner.

The finding that petitioners signed out on sick leave on

October 29, 1981, in a concerted action to interfere with and impair the efficient operation of the facility, is not supported by substantial evidence. None of the witnesses to this alleged misconduct testified to any communications between any of the petitioners prior to the time that they individually reported ill to their supervisors. The mere fact that these four petitioners were taken ill on the same day is insufficient to support the Sheriff's determinations, as surmise, conjecture and speculation do not give rise to substantial evidence *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180), and " '[a] mere scintilla of evidence sufficient to justify a suspicion is not sufficient' " *(Matter of Chiaino v Lomenzo,* 26 AD2d 469, 473, quoting from *Matter of Stork Rest. v Boland,* 282 NY 256, 273-274). We fail to find in the record proof of a quality and quantity sufficient to generate conviction in and persuade a fair and detached fact finder that, from the proof presented as a premise, the determinations reached by respondents could be drawn reasonably, probatively and logically *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* at p 181).

Petitioners' contention, that their failure to submit a report (which was duly requested by the Warden) detailing the events surrounding this underlying incident cannot serve as the basis of a charge of misconduct, is without merit. The petitioners were afforded the opportunity to confer with their attorneys and/or union representatives, which they in fact did. They could be, and indeed were, required to submit such a report *(cf. Matter of Smith v Gwydir,* 86 AD2d 673).

We have examined the petitioners' remaining contentions and find them to be without merit. However, in light of the fact that the findings of guilt as to charge one have been annulled, the matter is remitted for reconsideration of the penalties imposed. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.