■ In the Matter of Lawrence Sievers, Appellant, v City of New York Department of Buildings et al., Respondents.—Judgment, Supreme Court, New York County (Thomas J. Hughes, J.), entered September 9, 1987, which denied petitioner's application pursuant to CPLR article 78 to reinstate the building permit previously issued to him for the erection of an accessory sign at his gasoline service station on Leonard Street in Brooklyn and granted respondents' motion to dismiss the petition, unanimously reversed, on the law, the motion to dismiss denied, and the matter remanded to Supreme Court for a hearing on whether such sign violates the applicable zoning laws, without costs.

On October 25, 1985, respondent approved the plans submitted by petitioner and issued a building permit for a 14-by-48-foot, two-sided, nonilluminated accessory business sign for his gas station. The sign bears the legend "La Jo Gas Service Center" with variable copy beneath, which will, as the building application stated, "change from time to time and/or seasonally". Subsequently, after petitioner had expended $80,000 for the erection of the sign, respondent revoked its prior approval on the ground, *inter alia*, that such a large sign with variable copy "is not incidental to and customarily found in connection with such [a] small automobile service station" and thus, is not considered an accessory use as defined in the Zoning Resolution. The IAS court found that petitioner's failure to take a timely appeal to the New York City Board of Standards and Appeals constituted a failure to exhaust his administrative remedies and was a bar to article 78 review. We disagree.

While ordinarily the doctrine of exhaustion of administrative remedies would require petitioner to bring his claim before the Board of Standards and Appeals, where the only question raised is a question of law, viz., whether the sign violates the Zoning Resolution, " '[t]he expertise of the Board of Standards and Appeals is not involved and has no relevancy to the case at bar' " *(Rosenberg v 135 Willow Co.,* 130 AD2d 566, 567, quoting *Namro Holding Corp. v City of New York,* 17 AD2d 431, 435, *affd* 14 NY2d 693). Concur—Kupferman, J. P., Ross, Asch, Kassal and Rosenberger, JJ.