■ In the Matter of M. KAUFMAN 42ND STREET CO., Appellant, v BOARD OF ASSESSORS OF ATLANTIC BEACH et al., Respondents. [709 NYS2d 445] —In a purported proceeding pursuant to CPLR article 78, *inter alia*, for a determination that the 1999 increase in the assessment of certain real property was invalid and unconstitutional, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Adams, J.), entered May 20, 1999, which granted the respondents' motion to dismiss the petition and dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

In *Matter of Board of Mgrs. v Board of Assessors* (202 AD2d 417, 419), this Court stated: "Ordinarily, challenges to assessments on the grounds that they are illegal, irregular, excessive, or unequal, are to be made in a certiorari proceeding under RPTL article 7 * * * However, where the challenge is based upon the method employed in the assessment of several properties rather than the overvaluation or undervaluation of specific properties, a taxpayer may forego the statutory certiorari procedure and mount a collateral attack on the taxing authority's action through either a declaratory judgment action or a proceeding pursuant to CPLR article 78 * * * In reviewing a taxpayer's claim to determine whether this exception to the statutory procedure based upon the taxing authority's methodology has been demonstrated, ' " '[m]ere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve plaintiffs of the obligation to pursue their relief via the provisions of Article 7 of the Real Property Tax Law' " ' ".

Contrary to the petitioner's contentions, it did not offer sufficient proof to demonstrate that its challenge to the assessment of the subject real property was based upon the reassessment methodology of the respondent Incorporated Village of Atlantic Beach. Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition and held that the petitioner must pursue its remedy under RPTL article 7.

In light of our determination, we need not address the parties' remaining contentions. Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.