In the Matter of Justin Costantino, Petitioner, v Glenn S. Goord et al., Respondents. [831 NYS2d 538]—

Proceeding pursuant to CPLR article 78 to review four determinations of the Superintendent of Fishkill Correctional Facility dated April 19, 2005, April 19, 2005, April 25, 2005, and May 6, 2005, respectively, which affirmed the findings of two Hearing Officers dated April 13, 2005, April 13, 2005, April 22, 2005, and May 5, 2005, respectively, made after Tier II disciplinary hearings, that the petitioner was guilty of violating prison disciplinary rules and the imposition of penalties thereon.

Adjudged that the petition is granted, without costs or disbursements, to the extent that the first determination dated April 19, 2005, which affirmed the finding that the petitioner was guilty of violating 7 NYCRR 270.2 (B) (17) (iii), and the determination dated April 25, 2005, which affirmed the finding that the petitioner was guilty of violating 7 NYCRR 270.2 (B) (8) (i) and (ii) are annulled, those findings are vacated, those charges are dismissed, the penalties imposed with respect to those charges are vacated, the respondents are directed to expunge all references to those findings from the petitioner's institutional record; the petition is otherwise denied, the determinations are otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

In this proceeding we review determinations regarding four misbehavior reports. The earliest dated report charged the petitioner with a violation of 7 NYCRR 270.2 (B) (17) (iii) (hereinafter rule 116.12): "An inmate shall not alter, forge or counterfeit any document." The charge stemmed from his creating a personalized grievance form which he sought to replicate in the library to enable him to file grievances. There was, he asserted, a shortage of such forms. In any event, a grievance could be filed on any kind of paper. The Hearing Officer found the petitioner guilty: "It is apparent that this form was forged and counterfeited solely for your use in submitting grievances." This finding was affirmed by the designee of the respondent Su-

perintendent on April 19, 2005. The determination was irrational and lacked substantial evidence to support it.

The terms "forge" and "counterfeit" carry with them an element of intent to defraud or deceive (*see* Black's Law Dictionary 354, 661 [7th ed 1999]; *cf.* Penal Law § 170.05). While the word "alter" could conceivably embrace what the petitioner did to the grievance form in this case—indeed, by filling out any form a person is, in a sense, altering it—the word "alter" as it appears in rule 116.12 has rational meaning only by reference to the words with which it is associated (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 239). Thus, the word "alter" in rule 116.12 (*cf.* Penal Law § 170.00 [7]) carries the same intent to defraud or deceive as do its companion words "forge" and "counterfeit."

In the administrative record before us there is no evidence that the petitioner customized his grievance form with the intent to deceive or defraud (*see Matter of Stork Rest. v Boland*, 282 NY 256, 273-274 [1940]; *Matter of Aiello v Varelas*, 113 AD2d 938, 939 [1985]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *cf. Matter of Site Acquisitions v Town of New Scotland*, 2 AD3d 1135, 1137 [2003]). Indeed, the Hearing Officer showed that he understood that the petitioner intended no deception when he "accused" the petitioner of having altered the form "solely for your use in submitting grievances." Thus, the determination sustaining this charge must be annulled.

The third misbehavior report charged the petitioner with harassing and interfering with or obstructing a correction officer. The evidence was not sufficient to establish that the petitioner harassed the correction officer (*see* 7 NYCRR 270.2 [B] [8] [i]) or obstructed or interfered with him (*see* 7 NYCRR 270.2 [B] [8] [ii]). The officer told the petitioner to move his tray, and the petitioner complied. The officer asked the petitioner what the problem was with the tray, and the petitioner did not immediately answer, but had what the correction officer described at the hearing as an "inquisitive look on his face." At the hearing the petitioner testified that he was merely listening for his cellmate to tell him what the problem was with the tray. The correction officer then walked away to resume his duties. Under the circumstances, the findings that the petitioner's facial expression and his momentary nonresponse harassed (*see* 7 NYCRR 270.2 [B] [8] [i]), or obstructed or interfered with the officer (*see* 7 NYCRR 270.2 [B] [8] [ii]), were not supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra; cf. Matter of Royster v Goord*, 26 AD3d 503, 504 [2006]).

A written misbehavior report made by an employee who observed the incident or ascertained the facts can constitute substantial evidence of an inmate's misconduct so long as it is sufficiently relevant and probative (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Cruz v Goord*, 260 AD2d 379 [1999]). Contrary to the petitioner's contention, the misbehavior reports, the hearing testimony, together with the circumstantial evidence and reasonable inferences to be drawn therefrom, provided substantial evidence to support the determinations that the petitioner was guilty of the remaining charges brought against him (*see Matter of Kalwasinski v Goord*, 25 AD3d 1050 [2006]; *Matter of Therrien v Goord*, 20 AD3d 838, 838-839 [2005]; *Matter of Stile v Goord*, 285 AD2d 693 [2001]; *Matter of Navarro v Selsky*, 249 AD2d 654 [1998]). The petitioner's exculpatory testimony presented a credibility issue (*see Matter of Burgess v Goord*, 30 AD3d 877, 878 [2006]; *Matter of Billue v Goord*, 28 AD3d 845, 846 [2006]; *Matter of Navarro v Selsky, supra*).

The petitioner's remaining contentions either have been rendered academic in light of our determination or are without merit. Crane, J.P., Rivera, Goldstein and McCarthy, JJ., concur.