In the Matter of Roy Green, Petitioner, v Joseph T. Smith, as Superintendent of Shawangunk Correctional Facility, Respondent. [835 NYS2d 772]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with making threats, lying and interfering with an employee as the result of an incident in which he incorrectly told another inmate that a correction officer had misplaced his legal work, causing the inmate to become agitated and unable to perform his porter duties. He was found guilty of the charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, we note that petitioner limits his challenge to that part of the determination finding him guilty of lying and interfering with an employee. With respect to lying, the misbehavior report related that petitioner misinformed another inmate that a correction officer had misplaced the inmate's legal work when, in fact, it was located in petitioner's cell in a neat pile where the correction officer had left it. The report constitutes substantial evidence supporting the charge of lying (see e.g. Matter of Applewhite v Goord, 22 AD3d 985, 986 [2005]). Petitioner was also found guilty of violating facility rule 107.10, which provides that "[a]n inmate shall not physically or verbally obstruct or interfere with an employee at any time" (7 NYCRR 270.2 [B] [8] [i]). However, there is nothing in either the misbehavior report or the testimony adduced at the hearing to indicate that petitioner's actions interfered with an employee (see e.g. Matter of Costantino v Goord, 38 AD3d 659, 660 [2007]; Matter of Ramirez v Schultz, 13 AD3d 457, 458-459 [2004]). Consequently, the determination must be annulled with respect to this charge. However, inasmuch as no loss of good time was imposed and petitioner has already served the penalty, we need not remit the matter for a redetermination of the penalty (see Matter of Deoleo v Selsky, 29 AD3d 1102, 1104 [2006]).

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ.,

concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.