■ In the Matter of MONA HERMAN et al., Appellants, v INCORPORATED VILLAGE OF TIVOLI, Respondent. [846 NYS2d 316]—

Hybrid proceeding pursuant to CPLR article 78, in effect, to review a determination of the Incorporated Village of Tivoli

dated February 22, 2006, authorizing and directing the Mayor of the Incorporated Village of Tivoli to execute, on behalf of the Incorporated Village of Tivoli, a wireless access agreement between the Incorporated Village of Tivoli and American WiFi, LLC, and action for a judgment declaring that the wireless access agreement is null and void and in violation of the zoning regulations of the Incorporated Village of Tivoli, which was transferred to this Court by order of the Supreme Court, Dutchess County (Brands, J.), dated August 14, 2006.

Ordered that the order dated August 14, 2006 is vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the petition, and for a final determination thereafter on those branches of the petition which were, in effect, to review the determination dated February 22, 2006, and for further proceedings on the cause of action for a declaratory judgment and the entry thereafter of an appropriate judgment, inter alia, declaring whether or not the wireless access agreement is null and void and in violation of the zoning regulations of the Incorporated Village of Tivoli, with costs to abide the event.

In November 2005 the Incorporated Village of Tivoli, at the direction of the Village Board of Trustees (hereinafter the Village Board), issued a request for proposals, seeking a wireless internet access provider to supply wireless internet access throughout the Village. In response, the Village received a single proposal from American WiFi, LLC (hereinafter American WiFi). American WiFi offered to provide: (1) free wireless internet access to Village employees for Village government purposes, (2) free wireless internet access to Village residents at certain "hotspot" locations, including the Village's Memorial Park and the General Business District, and (3) wireless internet services to Village residents at their homes at specified prices if the residents so chose. In exchange, the Village would allow American WiFi to mount three or four antennae approximately 36 inches high by 8 inches wide onto the Village's water tower, which is located within the Village's Memorial Park. After the Village's staff completed an environmental assessment form pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), the Village Board passed a resolution finding that the proposal would not have any significant adverse environmental effects, and authorizing and directing the Village's Mayor to execute an agreement with American WiFi (hereinafter the agreement). The agreement that was ultimately executed gave the Village the right to

terminate the arrangement at any time if, in the Village's sole judgment, the use of the water tower by American WiFi interfered with the primary use of the water tower for water storage purposes.

The petitioners, who own real property adjacent to Memorial Park, and located approximately 650 feet from the water tower, commenced this hybrid proceeding, in effect, to review the Village Board's determination authorizing the Mayor to execute the agreement and action for a judgment declaring that the agreement is null and void on the ground that it violated the Village's zoning regulations.

The challenged determination was not the result of "a hearing held, and at which evidence was taken, pursuant to direction by law" (*Matter of Shapiro v New York City Police Dept. [License Div.]*, 157 Misc 2d 28, 31 [1993], *affd* 201 AD2d 333 [1994] [internal quotation marks omitted]). Thus, the Supreme Court erroneously transferred the proceeding to this Court pursuant to CPLR 7804 (g), inasmuch as the determination should be reviewed under the "arbitrary and capricious" standard of CPLR 7803 (3), as opposed to the "substantial evidence" standard of CPLR 7803 (4) (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 769-770 [2005]). Moreover, the petitioners also requested a declaratory judgment, relief for which a transfer is not authorized.

In this instance, it would not serve the interests of judicial economy to make a final determination on the merits (*cf. Matter of Halperin v City of New Rochelle,* 34 AD2d at 774). The record before us is insufficiently developed to permit us to make an informed determination as to whether there was a violation of the applicable zoning regulations or SEQRA and whether or not the doctrine of the exhaustion of administrative remedies should be applied here (*see generally Matter of Sievers v City of N.Y. Dept. of Bldgs.,* 146 AD2d 473 [1989]; *Rosenberg v 135 Willow Co.,* 130 AD2d 566 [1987]).

Accordingly, we remit the matter to the Supreme Court, Dutchess County, for further proceedings on the petition, and a final determination thereafter on the merits of those branches of the petition which were, in effect, to review the determination dated February 22, 2006, and since this is, in part, a declaratory judgment action, for further proceedings on that cause of action and the entry thereafter of an appropriate judgment, inter alia, declaring whether or not the agreement is null and void and in violation of the Village's zoning regulations (*see Lanza v Wagner,* 11 NY2d 317 [1962], *lv dismissed* 371 US 74

[1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.