In the Matter of HUNTINGTON HILLS ASSOCIATES, LLC, Petitioner, v TOWN OF HUNTINGTON et al., Respondents. [852 NYS2d 786]—

The Supreme Court should have determined that branch of the motion which was to dismiss the proceeding (*see* CPLR 7804 [f], [g]). Moreover, the Supreme Court erroneously transferred the proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]). However, the record is sufficient to facilitate review and disposition of that branch of the motion which was to dismiss the proceeding (*see* CPLR 7804 [g]; *Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y.*, 24 NY2d 174, 180 [1969]). A declaratory judgment action, and not a proceeding pursuant to CPLR article 78, is the proper vehicle by which to challenge the determination of the Town Board of the Town of Huntington to classify the subject property as a "golf course property" (*see generally P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d 61, 64 [2006]). Accordingly, the proceeding pursuant to CPLR article 78 must be dismissed.

To the extent that relief in addition to that sought pursuant to CPLR article 78 is requested, any issues pertaining to such relief must be determined by the Supreme Court, Suffolk County, in the first instance, as transfer to this Court is not authorized (*see Matter of Herman v Incorporated Vil. of Tivoli*, 45 AD3d 767, 769 [2007]). Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.