■ In the Matter of RUSSELL COLEMAN, Petitioner/Plaintiff, and CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 860, LOCAL 1000 AFSCME, AFL-CIO, Plaintiff, v TOWN OF EASTCHESTER et al., Respondents/Defendants. [895 NYS2d 478]—

Hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Eastchester and the Town Board of the Town of Eastchester dated June 3, 2008, which adopted the findings of an arbitrator, made after a hearing, that the petitioner/plaintiff was guilty of 18 specifications of misconduct or insubordination, and terminated his employment as a park groundskeeper, and action, in effect, for a judgment declaring that the Town of Eastchester and the Town Board of the Town of Eastchester violated a collective bargaining agreement they entered into with the petitioner/plaintiff's union, which was transferred to this Court by order of the Supreme Court, Westchester County (R. Bellatoni, J.), entered January 15, 2009.

Ordered that the petition is granted to the extent that the determination with respect to specifications 11 and 18 is annulled and those specifications are dismissed, the determination is otherwise confirmed, the petition is otherwise denied, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the cause of action for a judgment declaring that the Town of Eastchester and the Town Board of the Town of Eastchester violated a collective bargaining agreement, and the entry of an appropriate judgment thereafter, inter alia, dismissing so much of the proceeding as sought to review the determination with respect to all specifications other than specifications 11 and 18.

"The review of an administrative decision made after an employee disciplinary hearing is limited to a consideration of whether the determination was supported by substantial evidence" (*Matter of Shade v Mahon*, 37 AD3d 611, 612 [2007]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Jones v Mahon*, 11 AD3d 692,

693 [2004]). We agree with the petitioner/plaintiff, Russell Coleman (hereinafter the petitioner), that the determination with respect to specification 11 was unsupported by substantial evidence that he "repeatedly" engaged in the conduct alleged thereunder (*see Matter of Levi v Lauro*, 58 AD3d 851, 853 [2009]). Additionally, specification 18 must be dismissed as duplicative of other charges (*id.*). However, the determination with respect to the remaining specifications was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]).

"An administrative penalty must be upheld unless it is so disproportionate to the offense . . . as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004] [internal quotation marks omitted]). Here, in view of the repeated instances of misconduct and insubordination committed by the petitioner/plaintiff, and the serious nature of the acts, it cannot be concluded, "as a matter of law, that the penalty of [termination] shocks the judicial conscience" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d at 776; *see Matter of Rutkunas v Stout*, 8 NY3d 897, 898 [2007]; *Matter of Kaufman v Wells*, 56 AD3d 674, 675 [2008], *lv denied* 13 NY3d 707 [2009]).

Since the petition/complaint also requested a declaratory judgment, relief for which a transfer to this Court is not authorized pursuant to CPLR 7804 (g) (*see Matter of Huntington Hills Assoc., LLC v Town of Huntington*, 49 AD3d 647, 648 [2008]; *Matter of Herman v Incorporated Vil. of Tivoli*, 45 AD3d 767, 769 [2007]), the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on the cause of action seeking such relief, and the entry of an appropriate judgment thereafter, inter alia, dismissing so much of the proceeding as sought to review the challenged determination with respect to all specifications other than specifications 11 and 18. Fisher, J.P., Florio, Belen and Austin, JJ., concur.