In the Matter of WOODLAND ESTATES, LLC, Appellant, v Jo ANN SOULES, as Assessor for the Town of Goshen, et al., Respondents, et al., Respondent. [913 NYS2d 305]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review real property tax assessments for tax year 2008 and action for a judgment declaring that certain undeveloped parcels of real property owned by the petitioner/plaintiff were unlawfully assessed at nine times their values, the petitioner/plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Woods, J.), dated July 15, 2009, as granted the motion of the respondents/defendants Jo Ann Soules, as Assessor for the Town of Goshen, and the Town of Goshen, in which the respondent/defendant Goshen Central School District joined, pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition/complaint insofar as asserted against each of those respondents/defendants, and dismissed the proceeding and action insofar as asserted against each of them.

Ordered that the order and judgment is affirmed insofar as

appealed from, with costs to the respondents/defendants Jo Ann Soules, as Assessor for the Town of Goshen, and the Town of Goshen.

Ordinarily, the proper method for challenging real property tax assessments on the grounds that they are illegal, irregular, excessive, or unequal is by the commencement of a tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law (*see* RPTL 706; *Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 173 [2010]; *Matter of M. Kaufman 42nd St. Co. v Board of Assessors of Atl. Beach*, 273 AD2d 239, 240 [2000]). Where the challenge, however, is based upon the method employed in the assessment of several properties rather than the overvaluation or undervaluation of specific properties, a taxpayer may forego the statutory certiorari procedure and mount a collateral attack on the taxing authority's determination through either a declaratory judgment action or a proceeding pursuant to CPLR article 78 (*see Matter of Adams v Schoenstadt*, 57 AD3d 1073, 1074 [2008]; *Matter of M. Kaufman 42nd St. Co. v Board of Assessors of Atl. Beach*, 273 AD2d at 240; *Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419 [1994]). Although the petitioner/plaintiff (hereinafter the petitioner) styles its challenge as one regarding the method of assessment, it is, in actuality, a claim that its property was overassessed. Accordingly, the petitioner is required to pursue any remedy it may have in a proceeding pursuant to RPTL article 7, and the Supreme Court properly dismissed the hybrid CPLR article 78 proceeding and declaratory judgment action insofar as asserted against Jo Ann Soules, as Assessor for the Town of Goshen, the Town of Goshen, and Goshen Central School District (*see Matter of M. Kaufman 42nd St. Co. v Board of Assessors of Atl. Beach*, 273 AD2d at 240). Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.