■ In the Matter of ERIC BENSON, Petitioner, v DAWSON BROWN, Respondent. [922 NYS2d 786]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Dawson Brown, Acting Superintendent of Sing Sing Correctional Facility, dated March 24, 2009, which confirmed a determination of a hearing officer, dated February 18, 2009, made after a tier II disciplinary hearing, that the petitioner was guilty of violating prison disciplinary rules, and imposed a penalty.

Adjudged that the determination is confirmed, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). Contrary to the petitioner's contention, the misbehavior report, the hearing testimony, and the reasonable inferences to be drawn therefrom, constituted substantial evidence to support the hearing officer's determination that he was guilty of the charges brought against him (*see Matter of Costantino v Goord*, 38 AD3d 659, 661 [2007]; *Matter of Gilzene v McGinnis*, 300 AD2d 658 [2002]). The issues of credibility were resolved by the hearing officer,

and we find no basis upon which to disturb the hearing officer's determination (*see Matter of Gilzene v McGinnis*, 300 AD2d at 659).

The petitioner's contention that he was improperly denied the right to call a particular witness is unpreserved for judicial review and, in any event, without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.