In the Matter of BRADFORD APPLEGATE, Petitioner/Plaintiff, v PHILLIP D. HEATH, Superintendent of Sing Sing Correctional Facility, Respondent/Defendant. [930 NYS2d 882]—

Contrary to the contention of the petitioner/plaintiff (hereinafter the petitioner), there was substantial evidence supporting the hearing officer's determination that he was guilty of violating prison disciplinary rules (*see Matter of Benson v Brown*, 84 AD3d 794 [2011]; *Matter of Watson v Fischer*, 82 AD3d 780 [2011]; *Matter of Mabry v Maddox*, 57 AD3d 1000 [2008]). We find no basis to disturb the credibility determinations made by the hearing officer (*see Matter of Benson v Brown*, 84 AD3d 794 [2011]; *Matter of Reyes v Leclaire*, 49 AD3d 884 [2008]).

Additionally, the partial denial of the petitioner's inmate grievance, asserting, inter alia, that his legal mail was improperly treated as general correspondence, was not arbitrary and capricious (*see generally Matter of Davis v Fischer*, 76 AD3d 1152 [2010]; *Matter of Keesh v Smith*, 59 AD3d 798 [2009]). The petitioner failed to demonstrate that the mailing bore the identity and official business return address of his attorney (*see* 7 NYCRR 721.2 [b] [1]).

Since the petition/complaint also requested a declaratory judgment, relief for which a transfer to this Court is not authorized pursuant to CPLR 7804 (g) (*see Matter of Coleman v Town of Eastchester*, 70 AD3d 940, 941 [2010]; *Matter of Huntington Hills Assoc., LLC v Town of Huntington*, 49 AD3d 647, 648 [2008]; *Matter of Herman v Incorporated Vil. of Tivoli*, 45 AD3d 767, 769 [2007]), the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on the cause of action seeking such relief, and the entry of an appropriate judgment thereafter, inter alia, dismissing the proceeding. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.