In the Matter of FOUNDATION FOR CHAPEL OF SACRED MIRRORS, LTD., Petitioner, v CHRISTIAN HARKINS, Assessor, Town of Wappinger, Dutchess County, New York, et al., Respondents.
[950 NYS2d 771]—

Proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the tax year 2009 and pursuant to CPLR article 78 to review a determination of the Board of Assessment Review for the Town of Wappinger dated June 11, 2009, which confirmed a determination of the Assessor of the Town of Wappinger that the subject real property was not tax exempt pursuant to Real Property Tax Law § 420-a for the tax year 2009, which was transferred to this Court by order of the Supreme Court, Dutchess County (Brands, J.), dated June 28, 2011.

Ordered that the order dated June 28, 2011, is vacated, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the petition in accordance herewith, and for a final determination thereafter on the petition.

The petitioner, a not-for-profit corporation, purchased the subject property on September 12, 2008. On February 27, 2009, the petitioner applied for a real property tax exemption pursuant to Real Property Tax Law § 420-a. The Assessor of the Town of Wappinger (hereinafter the Assessor) denied the petitioner's application and determined that the assessed value of the property was $1,840,000. The petitioner filed a grievance to obtain review of the assessment on the grounds that it was both unlawful and excessive. In a determination dated June 11, 2009, the Board of Assessment Review for the Town of Wappinger confirmed the Assessor's determination.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the June 11, 2009, determination confirming the Assessor's determination that the subject real property was not tax exempt pursuant to Real Property Tax Law § 420-a for the tax year 2009. The petitioner also sought review of the assessment pursuant to Real Property Tax Law article 7, claiming, inter alia, that the assessment was excessive. The respondents moved to dismiss the proceeding pursuant to CPLR 3211 (a) (7) and 7804 (f). The petitioner cross-moved for summary judgment on the petition. By order dated June 28, 2011, the

Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

A proceeding to review an assessment of real property must be brought as provided in Real Property Tax Law article 7 "unless otherwise provided by law" (RPTL 700 [1]; *see Matter of Woodland Estates, LLC v Soules*, 79 AD3d 942, 943 [2010]; *Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 173 [2010]). "The grounds for reviewing an assessment shall be that the assessment to be reviewed is excessive, unequal or unlawful, or that real property is misclassified" (RPTL 706 [1]; *see Matter of Woodland Estates, LLC v Soules*, 79 AD3d at 943; *Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d at 173). An "[u]nlawful assessment" is defined to include "an entry on the taxable portion of the assessment roll of the assessed valuation of real property which . . . is wholly exempt from taxation" (RPTL 701 [9] [a]). Where, as here, property is not granted an exemption pursuant to Real Property Tax Law § 420-a, "the owner may seek judicial review pursuant to article seven of [the Real Property Tax Law] or article seventy-eight of the civil practice law and rules" (RPTL 420-a [11]).

Here, the petition alleges that the challenged assessment is unlawful, and, alternatively, excessive. To the extent that the petitioner contends that its property was overassessed, it may only pursue such claims in a proceeding pursuant to Real Property Tax Law article 7 (*see Matter of Woodland Estates, LLC v Soules*, 79 AD3d at 943; *Matter of M. Kaufman 42nd St. Co. v Board of Assessors of Atl. Beach*, 273 AD2d 239, 240 [2000]). Since the petition seeks relief for which transfer to this Court is not authorized pursuant to CPLR 7804 (g), the matter must be remitted for further proceedings on that branch of the petition which was to review the tax assessment for the subject property on the ground that it was excessive (*see Matter of Applegate v Heath*, 88 AD3d 699, 700 [2011]; *Matter of Coleman v Town of Eastchester*, 70 AD3d 940, 941 [2010]).

As indicated, the petitioner may seek CPLR article 78 review of the denial of its application for an exemption pursuant to Real Property Tax Law § 420-a (*see* RPTL 420-a [11]; *see also Matter of St. Francis Hosp. v Taber*, 76 AD3d 635, 638-639 [2010]; *Matter of Scarborough School Corp. v Assessor of Town of Ossining*, 97 AD2d 476, 476 [1983]). However, the Supreme Court erred in transferring so much of the proceeding as sought review under CPLR article 78 to this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of Greencove Assoc.,*

*LLC v Town Bd. of the Town of N. Hempstead*, 87 AD3d 1066, 1067 [2011]). Although this Court may, in the interest of judicial economy, decide a CPLR article 78 proceeding on the merits where the full administrative record is available in the record (*see e.g. Matter of Sass v Town of Brookhaven*, 73 AD3d 785, 786 [2010]), under the circumstances presented here, we conclude that the matter must be remitted to the Supreme Court (*see Matter of Herman v Incorporated Vil. of Tivoli*, 45 AD3d 767, 769 [2007]). Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.