■ In the Matter of COLORTONE CAMERA, INC., Petitioner/ Plaintiff, v NEW YORK STATE COMPENSATION INSURANCE RATING BOARD et al., Respondents/Defendants. [958 NYS2d 487]—

Hybrid proceeding pursuant to CPLR article 78 to review a determination of James J. Wrynn, Superintendent of Insurance of the State of New York, dated September 15, 2011, which adopted the recommendations of a hearing officer dated February 4, 2011, made after a hearing pursuant to Insurance Law § 2319, and affirmed the determination of the New York State Compensation Insurance Rating Board denying the petitioner's application for reclassification of its business from New York Workers' Compensation Classification Code 8018 to Classification Code 8017, and, in effect, action for a judgment declaring that certain portions of the New York Manual for Workers Compensation & Employers Liability Insurance are unconstitutional.

Adjudged that the determination dated September 15, 2011, is confirmed, the petition is denied, and the proceeding is dismissed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for severance of and further proceedings on the cause of action for a judgment declaring that certain portions of the New York Manual for Workers Compensation & Employers Liability Insurance are unconstitutional, and the entry of an appropriate judgment thereafter.

The petitioner/plaintiff, Colortone Camera, Inc. (hereinafter Colortone), is a corporation with its principal place of business located in Elmsford, New York. In 2007, the New York State

Compensation Insurance Rating Board (hereinafter the Rating Board) reclassified some of Colortone's employees, for the purpose of fixing workers' compensation insurance rates, from Classification Code 8017 ("Retail Store NOC [Not Otherwise Classified]") to Classification Code 8018 ("Wholesale Store NOC [Not Otherwise Classified]"). The effect of the reclassification was a significant increase in the rates that Colortone was required to pay for workers' compensation insurance for those employees.

Colortone asked the Rating Board to reconsider its determination, but the Rating Board rejected the request. Colortone then appealed to the Superintendent of the New York State Department of Insurance (hereinafter the Superintendent), who directed a hearing (see Insurance Law § 2319 [b]). The evidence at the hearing established, inter alia, that approximately 75% of Colortone's business involved the sale of projectors, interactive white boards, speakers, microphones, and screens, and that for the fiscal years ending in March 2007 and March 2008, as much as 80% of Colortone's combined sales were to schools, corporations, governments, utilities, and churches. The evidence also established that Colortone's employees were classified under Code 8018 primarily because the majority of Colortone's sales were to large institutional purchasers rather than to individuals for personal use. The evidence at the hearing also established that an objective of the classification system is to group employers into classifications that accurately reflect the risk of injury to them in their employment. The hearing officer filed a report and recommendation, dated February 4, 2011, in which he found that the reclassification of Colortone's employees was proper. The Superintendent adopted the report and recommendation, and consequently affirmed the Rating Board's determination.

Colortone then commenced this hybrid proceeding and action in the Supreme Court, seeking review of the Superintendent's determination and a judgment declaring that certain portions of the Rating Board's Manual for Workers Compensation & Employers Liability Insurance (hereinafter the Manual), which defined certain business classifications, are "unconstitutional for vagueness." The Supreme Court transferred the entire matter to this Court.

Inasmuch as the Superintendent's evidentiary hearing was held "pursuant to direction by law," we must determine whether the Superintendent's determination was supported by "substantial evidence" (CPLR 7803 [4]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300*

*Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *see Matter of Ridge Rd. Fire Dist. v Schiano,* 16 NY3d 494, 499 [2011]). "In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (*Matter of DeCillis v Grannis,* 69 AD3d 851, 852 [2010] [internal quotation marks omitted]). Here, the reclassification of Colortone's employees from Code 8017 to Code 8018 was supported by substantial evidence that Colortone's business was primarily wholesale, rather than retail (*cf. Matter of Buffalo Civic Auto Ramps, Inc. v Serio,* 21 AD3d 722, 724 [2005]).

That aspect of this hybrid proceeding and action, by which Colortone seeks a judgment declaring that certain portions of the Manual are unconstitutionally vague, is not properly before us on transfer from the Supreme Court (*see* CPLR 7804 [g]; *Matter of Herman v Incorporated Vil. of Tivoli,* 45 AD3d 767, 769 [2007]). Therefore, the matter must be remitted to the Supreme Court, Westchester County, for severance of and further proceedings on that cause of action, and the entry of an appropriate judgment thereafter (*see Matter of Huntington Hills Assoc., LLC v Town of Huntington,* 49 AD3d 647 [2008]; *Matter of Herman v Incorporated Vil. of Tivoli,* 45 AD3d at 769; *cf. Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 207 [1987]; *Matter of Applegate v Heath,* 88 AD3d 699, 700 [2011]). Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.