Matter of Mulgrew v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2024 NY Slip Op 05834)

Matter of Mulgrew v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2024 NY Slip Op 05834

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 152847/23 Appeal No. 3093 Case No. 2023-04428 

[*1]In the Matter of Michael Mulgrew etc., et al., Petitioners-Appellants,
v
The Board of Education of the City School District of the City of New York, et al., Respondents-Respondents, Success Academy Charter Schools, Amicus Curiae.

Steptoe LLP, New York (Dina Kolker of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondents.
Kirkland & Ellis LLP, New York (Jay P. Lefkowitz of counsel), for amicus curiae.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered August 11, 2023, granting the motion of respondents (DOE) to dismiss the petition to annul votes of the Panel for Education Policy (PEP) changing the utilization of New York City school buildings in Brooklyn and Queens due to the alleged failure to comply with provisions of the Education Law and Chancellor's Regulation A-190, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly dismissed this proceeding based on petitioners' failure to exhaust their administrative remedies (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 88 AD3d 72, 80-81 [1st Dept 2011]). The petition challenges "the determination to locate or co-locate a charter school within a public school building . . . that has been approved by the board of education" for both buildings, which "may be appealed to the commissioner" of the New York State Department of Education under Education Law § 310 (Education Law § 2853[3][a-5]). Thus, as shown by the DOE's exhibits proffered in its motion to dismiss — specifically, several decisions of the commissioner reviewing the adequacy of educational impact statements and building usage plans, as well as compliance with procedural requirements, in challenges to PEP votes approving charter school co-locations in the City of New York — petitioners' claims cannot be brought under CPLR article 78, since they "can be adequately reviewed by appeal to a court or to some other body or officer" (CPLR 7801[1]; see Education Law §§ 2590-h[2-a][b][i]-[vii], 2853[3][a-3][2][A]-[F]).
While petitioners contend that the educational impact statements failed to adequately address the impact on class sizes, the petition does not allege a violation of the class size requirements as set by legislative amendment in September 2022 (see L 2022, ch 556, § 3, amending Education Law § 211-d[2][b][ii]-[iii]). Even if this were such a violation, petitioners would still be required to exhaust their administrative remedies by appealing to the commissioner (Mulgrew, 88 AD3d at 80, quoting Education Law § 211-d[7][a], [c]).
Contrary to petitioners' contention, the petition does not raise a pure question of law, as it challenges the facts underlying the DOE's assumptions of projected class size for the public schools to be housed with the co-located charter schools, and raises other factual allegations related to safety and traffic that they claim the DOE overlooked or insufficiently addressed, among other things (see e.g. Mulgrew, 88 AD3d at 80-81; compare Matter of Sievers v City of N.Y. Dept. of Bldgs., 146 AD2d 473, 473 [1st Dept 1989]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: November 21, 2024