Matter of Fabian v Westchester County (2025 NY Slip Op 04784)

Matter of Fabian v Westchester County

2025 NY Slip Op 04784

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-10568
 (Index No. 61936/22)

[*1]In the Matter of Elida Fabian, petitioner,
v
Westchester County, et al., respondents.

Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny and H. Joseph Cronen of counsel), for petitioner.
John M. Nonna, County Attorney, White Plains, NY (Jennifer S. Bumgarner of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Westchester County and the Westchester County Department of Social Services dated March 7, 2022. The determination adopted the findings of a hearing officer dated February 24, 2022, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of 23 charges of misconduct or incompetence, and terminated the petitioner's employment as a senior caseworker with the Westchester County Department of Social Services.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of specification 32 is annulled, that specification is dismissed, the petition is otherwise denied, and the determination is otherwise confirmed.
The petitioner was employed as a senior caseworker with the Westchester County Department of Social Services (hereinafter DSS). In August 2021, DSS served the petitioner with 35 separate specifications of misconduct or incompetence, including rude, inappropriate, and unprofessional behavior toward both clients and members of the public, and violations of agency rules related to her work in six separate cases, including the "EC" case and the "R" case. After a disciplinary hearing pursuant to Civil Service Law § 75, a hearing officer, in a report and recommendation dated February 24, 2022, found the petitioner guilty of 23 of the 35 specifications and recommended termination of the petitioner's employment. In a determination dated March 7, 2022, the respondents adopted the findings of the hearing officer and terminated the petitioner's employment. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondents' determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"'In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence'" (Matter of Scott v Westchester County, 204 AD3d 807, 808, quoting Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595). "'Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Guarnieri v County of Rockland, 226 AD3d 1018, 1019, quoting Matter of Wright v State Univ. of N.Y. Mar. Coll., 179 AD3d 1080, 1081). "'While substantial evidence is [m]ore [*2]than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt'" (Matter of Ciganik v New York City Off. of Admin. Trials & Hearings, 224 AD3d 898, 900, quoting Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844-845).
"When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444).
Here, so much of the determination as adopted the hearing officer's finding that the petitioner was guilty of specifications 1 through 4, 8, 9, 11, 13, 15, 16, 22 through 31, 33, and 34 was supported by substantial evidence. Among other things, the record demonstrated that, with respect to the "R" case, the petitioner engaged in misconduct and violated agency policy by, inter alia, accepting perfume from a client, inviting the client to her home, discussing the possibility of the client serving as the petitioner's pregnancy surrogate, and suggesting that the client fabricate allegations of domestic violence against the client's husband. With respect to the "EC" case, the record demonstrated, among other things, that the petitioner told a pregnant child that only the petitioner, and not the shelter staff where the child was being taken, could help her, blamed the child for becoming pregnant, and, in May 2020, during a family discharge meeting, constantly spoke over the child, causing the child to cry throughout the meeting, and disregarded the child's claims that she was being hit with a belt by her father. Nevertheless, the record did not support the petitioner's guilt of specification 32 that she engaged in misconduct in the "EC" case "[o]n or about November 25, 2020," as the record demonstrated that the petitioner engaged in the misconduct described in specification 32 in or around May 2020 and that this misconduct arose from the same incidents underlying specifications 15 and 16. Thus, of the 23 specifications of which the petitioner was found guilty by the hearing officer, only specification 32 was not supported by substantial evidence.
"'A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness'" (Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625, quoting Matter of Harris v City of Poughkeepsie, 162 AD3d 663, 665). "An administrative penalty is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subject to it that it is disproportionate to the misconduct, incompetence, failure, or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the dereliction of the individual" (Matter of Doran v Town of Babylon, 219 AD3d 832, 835 [internal quotation marks omitted]; see Matter of Sullivan v County of Rockland, 192 AD3d 895, 897). Where there is no "grave moral turpitude and grave injury to the agency involved or to the public weal," relevant factors include the "employee's length of employment, the probability that a dismissal will leave the employee without any alternative livelihood, the employee's loss of retirement benefits, and the effect upon the employee's innocent family" (Matter of McDougall v Scoppetta, 76 AD3d 338, 342; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 235). However, "'[t]hat reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty'" (Matter of Sekul v City of Poughkeepsie, 195 AD3d at 625, quoting City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920).
Although remittal for a new determination of the penalty imposed is usually required where this Court dismisses one of the specifications of which the petitioner was found guilty (see e.g. Matter of Davis v Town of Islip, 234 AD3d 960, 962-963; Matter of Kelly v County of Dutchess, 176 AD3d 1060, 1063), remittal is not necessary under the particular circumstances of this case (see Matter of Coleman v Town of Eastchester, 70 AD3d 940, 941). The misconduct alleged in specification 32 was largely duplicative of the misconduct described in specifications 15 and 16, which were supported by substantial evidence; only the date in specification 32 was erroneous. Further, unlike the other specifications of which the petitioner was found guilty, there is no substantive discussion of specification 32 in the hearing officer's report and recommendation and, as the petitioner acknowledges on appeal, the hearing officer's finding that the petitioner was guilty of this specification was "likely a typographical error." Accordingly, the hearing officer's report and [*3]recommendation itself demonstrated that the respondents did not rely upon specification 32 in determining the penalty. The penalty of termination of employment was not so disproportionate to the remaining 22 offenses as to be shocking to one's sense of fairness (see Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054; Matter of Coleman v Town of Eastchester, 70 AD3d at 941; Matter of Thomas v City of Mount Vernon Dept. Pub. Safety, 267 AD2d 241, 242), especially in light of the number and serious nature of the incidents and the petitioner's prior disciplinary record (see Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957; Matter of Argenti v Town of Riverhead, 131 AD3d at 1054).
The petitioner's remaining contention is without merit.
Accordingly, we grant the petition to the extent that so much of the determination as found the petitioner guilty of specification 32 is annulled and dismiss that specification.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court