Matter of 37 Bay 26 St., LLC v Soliman (2026 NY Slip Op 00245)

Matter of 37 Bay 26 St., LLC v Soliman

2026 NY Slip Op 00245

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-01524
 (Index No. 530718/21)

[*1]In the Matter of 37 Bay 26 Street, LLC, appellant,
vSherif Soliman, etc., et al., respondents.

Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg, Jason Bokor, and Todd Kammerman of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Andrea M. Chan, Edan Burkett, and Steven T. Traditi of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Finance dated August 2, 2021, which denied the petitioner/plaintiff's request for certain tax benefits, and an action for a judgment declaring that the petitioner/plaintiff is entitled to receive the subject tax benefits, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 3, 2023. The judgment denied the petition, dismissed the proceeding, and, in effect, declared that the petitioner/plaintiff is not entitled to receive the subject tax benefits pursuant to Administrative Code of the City of New York § 11-206 and Rules of City of New York Department of Finance (19 RCNY) former §§ 53-01 and 53-02.
ORDERED that the judgment is affirmed, with costs.
The petitioner/plaintiff (hereinafter the petitioner) owned certain real property located in Brooklyn and improved with an apartment building containing 32 apartments, on which the petitioner made certain renovations. Thereafter, the petitioner submitted an application to the New York City Department of Housing Preservation and Development (hereinafter HPD) to receive J-51 tax benefits pursuant to RPTL 489. On January 22, 2016, HPD issued the petitioner a certificate of eligibility for J-51 tax benefits. The petitioner then submitted a request to the New York City Department of Finance (hereinafter DOF) for the issuance of J-51 tax benefits, which can consist of abatement benefits and exemption benefits (see id.). DOF issued J-51 abatement benefits but did not issue J-51 exemption benefits. The petitioner then submitted a request to DOF pursuant to Administrative Code of the City of New York § 11-206 and Rules of City of New York Department of Finance (19 RCNY) former §§ 53-01 and 53-02 for the issuance of J-51 exemption benefits. In a determination dated August 2, 2021, DOF denied the petitioner's request, stating that the issue in the petitioner's request did "not warrant a change to valuation."
In December 2021, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to review DOF's determination and action for a judgment declaring that the petitioner is entitled to receive J-51 exemption benefits. In a judgment dated January 3, 2023, the Supreme Court denied the petition, dismissed the proceeding, and, in effect, declared that the [*2]petitioner is not entitled to receive the requested J-51 exemption benefits pursuant to Administrative Code § 11-206 and 19 RCNY former §§ 53-01 and 53-02. The petitioner appeals.
A proceeding to review an assessment of real property must be commenced as provided in RPTL article 7 "unless otherwise provided by law" (id. § 700[1]; see Matter of Richmond SI Owner, LLC v Soliman, 235 AD3d 985, 986; Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d 955, 956; Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 33; Matter of Foundation for Chapel of Sacred Mirrors, Ltd. v Harkins, 98 AD3d 1044, 1045). Administrative Code § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls" (see Matter of Richmond SI Owner, LLC v Soliman, 235 AD3d at 985). Thus, "where the erroneous assessment arose from an alleged clerical error or an error in description," an RPTL article 7 proceeding is not the only method by which a petitioner can challenge the assessment of property (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d at 38; see Matter of Richmond SI Owner, LLC v Soliman, 235 AD3d at 986; Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d at 956). Pursuant to the RCNY in effect at the time of the subject determination, a failure to process a partial exemption would constitute a clerical error (see 19 RCNY former § 53-02[a][1]), and a physical change not put on the assessment roll or put on as an equalization change would constitute an error in description (see id. § 53-02[b][2]).
Here, DOF's determination that the petitioner's request did not warrant a change to valuation under Administrative Code § 11-206 and 19 RCNY former §§ 53-01 and 53-02 was not arbitrary and capricious. DOF's determination to deny J-51 exemption benefits necessarily involved the observations and judgment of individual assessors in placing a value on the petitioner's alleged improvement costs (see Matter of Bajraktari Realty Corp. v Soliman, 223 AD3d 556, 556; Matter of Kraebel v New York City Dept. of Fin., 217 AD2d 416, 416). Thus, contrary to the petitioner's contention, its allegations regarding DOF's improper failure to issue J-51 exemption benefits for its property did not constitute a clerical error within the meaning of 19 RCNY former § 53-02(a)(1) or an error in description within the meaning of 19 RCNY former § 53-02(b)(2) (see Matter of Bi-Costal Props., LLC v Soliman, 234 AD3d 540; Matter of 174th TIC Owner LLC v Niblack, 231 AD3d 401, 401; Matter of Bajraktari Realty Corp. v Soliman, 223 AD3d at 556; Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin., 204 AD3d 527, 528).
Accordingly, the Supreme Court properly denied the petition, dismissed the proceeding, and, in effect, declared that the petitioner is not entitled to receive the requested J-51 exemption benefits pursuant to Administrative Code § 11-206 and 19 RCNY former §§ 53-01 and 53-02.
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court